**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose Luis NUNEZ, Defendant–Appellant.**

**No. 98–50084**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2000

Filed Aug. 16, 2000

---

David A. Katz, Katz & Associates, Los Angeles, California, for the defendant-appellant.

Linda M. Aouate, Assistant United States Attorney, Santa Ana, California, for the plaintiff-appellee.

Before: WALLACE, PREGERSON, and THOMAS, Circuit Judges.

WALLACE, Circuit Judge:

Jose Luis Nunez appeals from his sentence, imposed after a guilty plea to one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). The district court exercised jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over his timely appeal pursuant to 18 U.S.C. § 3742. Because Nunez waived his right to appeal his sentence, we dismiss.

I

In November 1996, a federal grand jury returned a three-count indictment charging Nunez with one violation of 21 U.S.C. § 846 and two violations of 21 U.S.C. § 841(a)(1). That indictment was superceded in August 1997 by a four-count indictment, which included the three previous counts plus one additional count alleging another violation of section 841(a)(1).

Nunez pled guilty to one of the section 841(a)(1) counts in September 1997, apparently after several weeks of negotiations between his trial attorney and the government. The underlying plea agreement that Nunez signed stated:

> You understand that Title 18, United States Code, Section 3742 gives you the right to appeal the sentence imposed by the Court. Acknowledging this, you knowingly and voluntarily waive your right to appeal any sentence imposed by the Court and the manner in which the sentence is determined. . . .

The waiver was subject to several exceptions, none of which apply. Attached to the plea agreement was a signed statement by Nunez that the plea agreement was read to him in Spanish and that he "carefully reviewed every part of it" with his attorney. The district court twice asked whether Nunez understood that by signing the plea agreement he waived his right to appeal: once when he entered his plea, and again at sentencing. Nunez was sentenced in January 1998 to 57 months' incarceration.

Nunez subsequently entered a notice of appeal, and his appellate counsel filed a motion for clarification concerning whether Nunez had the right to appeal despite

the waiver in the plea agreement. The government opposed the motion for clarification, but did not move to dismiss the appeal based upon Nunez's waiver. The appellate commissioner denied the motion for clarification. The government subsequently filed a motion to dismiss the appeal based upon Nunez's waiver of appeal. The appellate commissioner denied that motion, and a motions panel of this court denied the government's motion to reconsider.

## II

Nunez's central argument on appeal is that his trial attorney rendered ineffective assistance of counsel because, during plea negotiations with the government, he allowed several advantageous plea offers to expire while "quibbling" over the scope of the waiver of his right to appeal. The government argues that we should dismiss Nunez's appeal because he waived his right to appeal. Nunez counters that, because the government failed to raise the waiver defense in its response to his motion for clarification, it waived the defense.

■■■ We first address Nunez's argument that the government waived its waiver defense. As a general matter, the government may waive certain defenses by not raising them in a timely manner. *See, e.g., United States v. Barron,* 172 F.3d 1153, 1156 (9th Cir.1999) (en banc). However, in this case, the government clearly preserved its defense by filing a motion to dismiss Nunez's appeal before filing its appellee's brief.

■ It is also clear that we may dismiss this appeal if waived even though a previous motions panel denied the government's motion to dismiss. *Malone v. Avenenti,* 850 F.2d 569, 571 (9th Cir.1988).

■ We now turn to the merits of the waiver issue. We review whether a defendant waived his statutory right of appeal de novo. *United States v. Portillo–Cano,* 192 F.3d 1246, 1249 (9th Cir.1999). Nunez argues, without any supporting authority,

that his written and signed waiver was "ambiguous" because of (1) the extended negotiations preceding the final plea agreement; (2) the deletion of language from the final written plea agreement that was included in previous draft agreements; and (3) the fact that the district court erroneously stated at the plea hearing and the sentencing hearing that Nunez's right to appeal was constitutional, not statutory, and the government did not correct the misstatement.

■■ "Generally, courts will enforce a defendant's waiver of his right to appeal if (1) the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal, and (2) the waiver is knowingly and voluntarily made." *United States v. Martinez,* 143 F.3d 1266, 1270–71 (9th Cir.1998) (citations and quotation omitted). Pursuant to the first requirement, we determine whether the agreement, by its terms, waives the right to appeal. In doing so, we apply contract principles, including the parol evidence rule. *United States v. Ajugwo,* 82 F.3d 925, 928 (9th Cir.1996). Under the parol evidence rule, a court looks to, and enforces, the plain language of a contract and does not look to "extrinsic evidence ... to interpret ... the terms of an unambiguous written instrument." *Wilson Arlington Co. v. Prudential Ins. Co. of Am.,* 912 F.2d 366, 370 (9th Cir.1990), *citing Trident Center v. Connecticut General Life Ins. Co.,* 847 F.2d 564, 568–69 (9th Cir.1988). The plea agreement that Nunez signed states that he "knowingly and voluntarily waive[s]" his "right to appeal any sentence imposed by the Court." The waiver's language is unmistakable, and cannot be made ambiguous through extrinsic evidence of prior negotiations.

■ The second requirement for a valid waiver is that the defendant knowingly and voluntarily consent to the agreement's express terms. *See* Fed.R.Crim.P. 11(c) & (d). Unfortunately for Nunez, he failed to raise the issue in his opening brief in this

court, and it is therefore waived. *United States v. Doe*, 170 F.3d 1162, 1166 n. 3 (9th Cir.), *cert. denied*, —— U.S. ——, 120 S.Ct. 429, 145 L.Ed.2d 335 (1999).

Because Nunez's waiver of appeal in his signed plea agreement is unambiguous, and because he waived the issue whether it was knowingly and voluntarily made, we must dismiss his appeal. *See United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir.1991).

 When Nunez waived his statutory right to appeal his sentence, he implicitly waived his right to argue ineffective assistance of counsel involving the sentencing issue on direct appeal, because an appeal that includes an ineffective assistance of counsel at sentencing argument is still an appeal from one's sentence. *Cf. United States v. Pruitt*, 32 F.3d 431, 432–33 (9th Cir.1994). That is the position of at least one of our sister circuits. *See United States v. Joiner*, 183 F.3d 635, 644–45 (7th Cir.1999). We now adopt the Seventh Circuit's position and hold that one waives the right to argue ineffective assistance of counsel at sentencing on direct appeal when one waives the right to appeal the sentence.

We do not decide whether a defense counsel's incompetence may be so egregious as to render a defendant's waiver involuntary, thereby permitting an ineffective assistance claim on direct appeal. Such circumstances are manifestly absent here. Of course, Nunez may raise his ineffective assistance argument in an 28 U.S.C. § 2255 motion. A general waiver of appeal in a plea agreement "does not waive the right to bring a § 2255 motion unless it does so expressly." *Pruitt*, 32 F.3d at 433. There is no indication that Nunez expressly waived the right to argue ineffective assistance of counsel in a section 2255 motion. That, of course, is the "customary procedure for challenging the effectiveness of defense counsel in a federal criminal trial," because "such a claim cannot be advanced without the development of facts outside the original record."

*United States v. Houtchens*, 926 F.2d 824, 828 (9th Cir.1991) (citation and quotations omitted). By requiring ineffective assistance arguments to be raised in collateral proceedings, we "permit[ ] the district judge first to decide whether the claim has merit, and second, if it does, to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted." *United States v. Molina*, 934 F.2d 1440, 1446 (9th Cir.1991).

APPEAL DISMISSED.