**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Don Thomas BANZON, Defendant–**
**Appellant.**

No. 99–50437.
D.C. No. CR–97–83–SVW.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 15, 2001 *.

Decided March 1, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before TASHIMA and FISHER, Circuit Judges, and ZILLY, District Judge.**

## MEMORANDUM ***

### I.

Don Thomas Banzon ("Banzon") purported to provide immigration assistance, legal advice, and ultimately documentation for individuals who wanted to legalize their status in the United States. In reality, Banzon participated in a scheme to defraud these individuals and the government by producing and distributing counterfeit immigration documents. He was indicted for submitting false statements to the INS; mail fraud; counterfeiting INS documents; inducing illegal aliens to enter the United States; and conspiracy. Banzon thereafter entered into a plea agreement with the government in which he agreed to plead guilty to six counts, including conspiracy to commit money laundering. In the plea agreement, he reserved the right to argue, at sentencing, that he should not be sentenced pursuant to the money laundering Sentencing Guideline because his conduct fell outside of the "heartland" of the money laundering statute. The plea agreement also contained, in a separate section, an unconditional waiver of the right to appeal. The district court rejected Banzon's heartland argument and sentenced him pursuant to the money laundering Sentencing Guideline. He appeals.

### II.

■ Generally, a waiver which states that a defendant "knowingly and voluntarily waive[s] his right to appeal any sentence

** The Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Cir. R. 36–3.

imposed" is unmistakable and unambiguous. *See United States v. Nunez*, 223 F.3d 956, 958 (9th Cir.2000). Although the waiver at issue does not use the precise words quoted in *Nunez*, it clearly states that Banzon "gives up the right to appeal any sentence imposed." Therefore, standing alone, the waiver is unambiguously clear and it demonstrates an unqualified waiver of appeal.

■ Banzon argues, however, that his reservation of the "heartland" issue only makes sense as preserving his right to argue that issue on appeal. Therefore, he contends, the plea agreement is internally inconsistent and should thus be construed against the government. *See United States v. Baker*, 25 F.3d 1452, 1458 (9th Cir.1994) (noting that the government "ordinarily must bear responsibility for any lack of clarity" in a plea agreement), *superseded on other grounds by* 18 U.S.C. § 3663(a)(2). We disagree. The mere fact that an issue is specifically preserved for argument before the district court does not conflict with a waiver of appeal, thus rendering the agreement inconsistent. Otherwise, all of Banzon's sentencing positions, including his position that the amount-of-funds upward adjustment should be less than five points, would be subject to appeal. Such a result would render the waiver of appeal in the plea agreement meaningless.

■ Moreover, the Rule 11 colloquy confirms that Banzon understood that he was waiving his right to appeal the sentence. The record shows that the court explained to both Banzon and his attorney that the language in the waiver of appeal precluded any appeal not based on ineffective assistance of counsel. Therefore, it is clear that Banzon, at the time of his change of plea, understood that he was giving up his right to appeal the sentence imposed by the court, whether imposed pursuant to the money laundering or fraud guidelines.

> In this circuit we place a premium on a defendant's ability to trust a district court's statements about the right to appeal. Giving this kind of weight to a district court's statements about waiver can cut both ways.... Here, the court clearly and repeatedly advised [the defendant] how her plea agreement waived her appellate rights. [The defendant] then clearly and repeatedly acknowledged the waiver.

*United States v. Anglin*, 215 F.3d 1064, 1067 (9th Cir.2000) (internal citations omitted). "Thus, the colloquy indicates a knowing and voluntary waiver at the time [the defendant] entered [his] plea." *Id.* (citing *United States v. De la Fuente*, 8 F.3d 1333, 1338 & nn. 7–8 (9th Cir.1993) (noting that this court construes a plea agreement by what the defendant reasonably understands to be the plea agreement's terms when the defendant pleaded guilty)). The district court's comments at sentencing do not affect our conclusion. It is true that the district court did not unequivocally negate the possibility of an appeal. It is equally true, however, that the court did not advise Banzon that he had the right to appeal. Rather, the court told him that the issue of appeal (and waiver of such) would have to be considered at another time, if at all. No reasonable defendant could have interpreted the district court's statements as anything more. Furthermore, the government clearly stated that Banzon waived his right to appeal. *Cf. United States v. Buchanan*, 59 F.3d 914, 918 (9th Cir.1995) ("Given the district judge's clear statements at sentencing [that the defendant had the right to appeal], the defendant's assertion of understanding, and the prosecution's failure to object, we hold that in these circumstances, the district court's oral pronounce-

ment controls and the plea agreement waiver is not enforceable.").

### III.

Therefore, Banzon knowingly and voluntarily waived his right to appeal the sentence imposed by the district court. Because "[i]t would overreach our jurisdiction to entertain an appeal when the plea agreement effectively deprived us of jurisdiction," *United States v. Vences*, 169 F.3d 611, 613 (9th Cir.1999), Banzon's appeal is DISMISSED for lack of jurisdiction.