**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose Alfredo ESTRADA, Defendant–Appellant.**

No. 00–50434.

D.C. No. CR–98–0025–RT.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2001.*

Decided Aug. 29, 2001.

Before HAWKINS, TASHIMA and GOULD, Circuit Judges.

## MEMORANDUM **

Defendant Jose Alfredo Estrada ("Estrada") appeals his 120–month sentence. We dismiss his appeal.

Estrada contends that he received ineffective assistance of counsel at sentencing because his attorney suffered from an actual conflict of interest. Estrada claims that but for the conflict, he would have received a significant reduction in sentence. The government responds that Estrada is barred from bringing this appeal because Estrada waived his right to appeal his sentence in his plea agreement.

---

* The Honorable Harlington Wood, Jr., Senior Circuit Judge for the Seventh Circuit Court of Appeals, sitting by designation.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

An examination of the plea agreement shows that Estrada waived his right to directly appeal his sentence. Estrada does not allege that his attorney's alleged conflict of interest adversely affected his decision to plead guilty, or otherwise resulted in an unknowing and involuntary waiver of his right to appeal. *See United States v. Mett,* 65 F.3d 1531, 1534 (9th Cir.1995) (stating that the alleged conflict of interest must "adversely affect[ ] ... lawyer's performance"). Estrada's plea agreement, therefore, is valid and his appeal waiver enforceable. *See United States v. Petty,* 80 F.3d 1384, 1386–87 (9th Cir.1996).

By entering into the valid plea agreement, Estrada waived his right "to argue ineffective assistance of counsel involving the sentencing issue on direct appeal, because an appeal that includes an ineffective assistance of counsel at sentencing argument is still an appeal from one's sentence." *United States v. Nunez,* 223 F.3d 956, 959 (9th Cir.2000).

Under the terms of the plea agreement, Estrada may argue ineffective assistance of counsel at sentencing in collateral proceedings. This dismissal is without prejudice to any such proceedings.

**APPEAL DISMISSED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.