UNITED STATES of America,
Plaintiff–Appellee,

v.

Khang Kien TRAN, aka "Charley,"
"Thanh," and "Raymond Leuong,"
Defendant–Appellant.

No. 00–10430.

D.C. No. CR–95–00151–DAE.

United States Court of Appeals,
Ninth Circuit.

Argued Nov. 1, 2001.

Submitted for Decision Jan. 28, 2002.

Decided Jan. 31, 2002.

Before THOMPSON, O'SCANNLAIN,
and BERZON, Circuit Judges.

MEMORANDUM *

Khang Kien Tran appeals his sentence of 360 months' imprisonment, followed by 5 years of supervised release, for distributing methamphetamine and being a felon in possession of a firearm. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Tran was charged in a five-count indictment with committing various drug offenses. He entered into a plea agreement with the government and pleaded guilty to two counts of the indictment.

In the plea agreement, Tran waived his right to appeal any sentence within the sentencing guideline range as determined by the district court. Tran retained his right to collaterally attack his sentence on the ground of ineffective assistance of counsel. At Tran's sentencing hearing, the district court mistakenly told him that he had the right to a direct appeal on that ground.

Tran argues his sentence should be vacated due to ineffective assistance of counsel. He also argues his plea agreement, which led to the sentence he received, is unenforceable due to breach by the gov-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ernment. Finally, he contends the district court erred in calculating his applicable sentencing guideline range.

■ Both parties invite us to address, in this direct appeal, Tran's ineffective assistance of counsel claim. Having concluded that the record is not sufficiently developed to permit adequate review, we decline that invitation and do not consider the claim. *See United States v. Robinson,* 967 F.2d 287, 290 (9th Cir.1992). Tran may present his ineffective assistance of counsel claim in a motion brought pursuant to 28 U.S.C. § 2255.

■ We do, however, address Tran's claim that the plea agreement is unenforceable due to breach by the government. Plea agreements are measured by contract law standards, and we will not look to extrinsic evidence if the plea agreement is unambiguous. *United States v. Trapp,* 257 F.3d 1053, 1056 (9th Cir.2001). Tran's allegations of breach either assume promises made by the government that are not in the plea agreement, or assume actions that did not occur. The agreement is not ambiguous, and the government did not breach it.

■ With regard to the district court's alleged error in calculating Tran's sentencing guideline range, Tran waived any challenge to that calculation by his plea agreement. That agreement provided, in relevant part:

Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

Subparagraph (b), referred to above, provided:

If the Court in imposing sentence departs (as that term is used in Part K of the Sentencing Guidelines) upward from the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the upward departure portion of his sentence and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

The district court determined the guideline range applicable to Tran, and did not depart upward from that range. Tran's claim in this appeal that the district court erred in determining the applicable guideline range was waived by the plea agreement. That waiver is enforceable, and as a result we decline to consider Tran's challenge to the district court's calculation of the applicable sentencing guideline range. *See United States v. Nunez,* 223 F.3d 956, 959 (9th Cir.2000).

AFFIRMED.