### UNITED STATES of America, et al., Plaintiffs–Appellees,

v.

### Samuel Mark ZAPATA, Defendant–Appellant.

#### No. 01–10161.
#### D.C. No. CR–00–00447–DFL.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2002.*

Decided June 14, 2002.

Before RYMER, T.G. NELSON, and THOMAS, Circuit Judges.

## MEMORANDUM **

Samuel Mark Zapata appeals the supervised release terms imposed following his

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. Rule 36–3.

guilty plea conviction for distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). We dismiss for lack of jurisdiction.

Zapata contends that the district court abused its discretion by imposing a special condition of supervised release forbidding his association with gang members. The government responds that Zapata waived his right to appeal his sentence pursuant to a written plea agreement. We agree with the government.

Zapata's waiver of his right to appeal must be enforced since (1) his sentence was well below the maximum agreed upon under the written plea agreement; and (2) he does not challenge the knowing and voluntary nature of his guilty plea or waiver of appeal. *See United States v. Nunez,* 223 F.3d 956, 958 (9th Cir.)(enforcing a defendant's waiver of appeal since (1) the waiver intended to encompass the issue raised; and (2) the defendant waived the issue whether the waiver was knowingly and voluntary), *cert. denied,* — U.S. —, 122 S.Ct. 272, 151 L.Ed.2d 199 (2001); *see also United States v. Bolinger,* 940 F.2d 478, 480 (9th Cir.1991) (enforcing a defendant's appeal waiver since the defendant was sentenced below the maximum sentence provided for in the written plea agreement).

Accordingly, we dismiss for lack of jurisdiction.

DISMISSED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.