UNITED STATES of America,
Plaintiff-Appellee,

v.

Jose MARTINEZ–CORTEZ, aka Chino,
Defendant–Appellant.

No. 02–10508.

D.C. No. CR–02–00435–SRB.

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2003.*

Decided July 29, 2003.

Before LEAVY, HAWKINS and
RAWLINSON, Circuit Judges.

MEMORANDUM **

Jose Martinez–Cortez appeals his 37–month sentence following a guilty plea conviction for harboring illegal aliens pursuant to 8 U.S.C. § 1324(a)(1)(A)(iii). Because Martinez–Cortez waived his right to appeal his sentence, we dismiss for lack of jurisdiction.

Martinez–Cortez contends district court erred in increasing his base-offense level by two levels under U.S.S.G. § 2L1.1(b)(5), and another two levels under U.S.S.G. § 3B1.1(c). The government contends that the court lacks jurisdiction to consider the sentencing issues because Martinez–Cortez waived his right to appeal in a written plea agreement.

Courts will enforce a defendant's waiver of his right to appeal if (1) the language of the waiver encompasses the defendant's right to appeal on the grounds claimed in the appeal, and (2) the waiver was knowingly and voluntarily made. *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir.2000). Where a defendant does not challenge the knowing and voluntary nature of the waiver in his opening brief, the issue is waived. *Id.*

Here, the express and unambiguous language of the plea agreement waives Martinez–Cortez' right to appeal his sentence. Moreover, Martinez–Cortez has not challenged the knowing and voluntary nature of the plea agreement in his opening brief. Consequently, the plea agreement is valid, and the appeal must be dismissed for lack of jurisdiction. *See Nunez*, 223 F.3d at 958.

DISMISSED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

