**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Wallis E. PEDERSON, Defendant–
Appellant.**

**No. 01–30367.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 15, 2003.

James E. Seykora, Esq., USMO–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Mark T. Errebo, Esq., Law Office Of Mark T. Errebo, Esq., Billings, MT, for Defendant–Appellant.

Before: PREGERSON, THOMAS and PAEZ, Circuit Judges.

MEMORANDUM **

Wallis E. Pederson appeals his conviction and 12–month sentence following his

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

guilty plea to presenting a fictitious U.S. Treasury instrument, in violation of 18 U.S.C. § 514(a)(2), and three counts of attempting to interfere with the administration of internal revenue laws, in violation of 26 U.S.C. § 7212.

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Pederson's counsel has submitted a brief stating that he has found no meritorious issues for review. No supplemental pro se brief has been filed. The government did not file a brief.

Because Pederson knowingly and voluntarily waived his right to appeal and was sentenced within the terms of the plea agreement, we lack jurisdiction to consider his appeal. *See United States v. Nunez*, 223 F.3d 956, 958 (9th Cir.2000) ("Generally, courts will enforce a defendant's waiver of his right to appeal if (1) the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal, and (2) the waiver is knowingly and voluntarily made.") (internal quotation marks and citation omitted). Accordingly, counsel's motion to withdraw is **GRANTED** and the appeal is **DISMISSED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.