UNITED STATES of America, Plaintiff—Appellee,

v.

Marvin Neal SMITH, Defendant—Appellant.

No. 01–56281.

D.C. No. CV–00–10192–WJR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 1, 2003.

Decided Dec. 15, 2003.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Michael Terrell, Nancy Kardon, Los Angeles, CA, Leon W. Weidman, USLA–Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Stephen Lathrop, Torrance, CA, for Defendant–Appellant.

Before HUG, B. FLETCHER, and WARDLAW, Circuit Judges.

## MEMORANDUM*

Marvin N. Smith appeals the district court's denial of his Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255. We granted Smith an expanded Certificate of Appealability on the following issues: (1) whether trial counsel provided ineffective assistance at the plea

stage; (2) whether trial counsel provided ineffective assistance at sentencing; and (3) whether appellate counsel rendered ineffective assistance and whether consideration of appellate ineffective assistance is barred by Smith's waiver of the right to appeal. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255, and we affirm.

■ Neither Smith's trial counsel nor his appellate counsel performed deficiently. At the plea stage, Smith's trial counsel negotiated a plea agreement in which Smith agreed to plead guilty if the government would: (1) stipulate that the base offense level for his offense would be 34, which could be reduced to 31 if the court found that he accepted responsibility for the crime; (2) move to dismiss Count I of the indictment; (3) recommend a two-level reduction under U.S.S.G. § 3E1.1; (4) recommend an additional one-level reduction in sentence if certain requirements were met; and (5) move to dismiss the information previously filed under 21 U.S.C. § 851. Although Smith's trial counsel later sought to join a co-defendant's motion to suppress evidence, *see United States v. Blackmon,* 273 F.3d 1204, 1208 (9th Cir. 2001), this attempted joinder was extinguished pursuant to the terms of the plea agreement when Smith pleaded guilty. Because Smith received a benefit for his bargain with the government—most significantly, the dismissal of the § 851 information which reduced his mandatory minimum sentence by ten years, *see* 21 U.S.C. § 841(b)(1)(A)—Smith's trial counsel did not provide ineffective assistance with respect to the plea agreement.

■ Nor did trial counsel furnish deficient representation at the sentencing phase by failing to challenge Smith's 1996 prior conviction. Although the record

does not clearly indicate the exact provision of the California Health & Safety Code under which Smith was convicted, it suggests that Smith was convicted of selling cocaine, not of mere possession for personal use. Trial counsel's strategic decision to challenge Smith's 1986 cocaine conviction, rather than his 1996 conviction, did not fall "outside the wide range of professionally competent assistance." *Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Smith's appellate counsel also provided adequate representation. Under the terms of his plea agreement, Smith waived his right to appeal the "sentence imposed and the manner in which the sentence is determined," but retained the ability to bring a "post-conviction attack based on a claim of ineffective assistance of counsel." Since circuit precedent precluded Smith's appellate counsel from arguing ineffective assistance of trial counsel at sentencing, *see United States v. Nunez*, 223 F.3d 956, 959 (9th Cir.2000), this portion of his ineffective assistance of appellate counsel claim is barred. Smith's contention that his appellate counsel performed deficiently by failing to argue that trial counsel provided ineffective assistance at the plea stage, however, is not foreclosed. Nonetheless, since trial counsel's representation was not deficient at the plea stage, *see supra*, Smith has failed to establish that his appellate counsel provided ineffective assistance.

We therefore **AFFIRM** the district court's denial of Smith's § 2255 motion.