UNITED STATES of America,
Plaintiff—Appellee,

v.

Joseph Francis MAREK, Jr., aka Joe Marek, Defendant—Appellant.

No. 03–30185.

United States Court of Appeals,
Ninth Circuit.

Submitted June 7, 2004.*

Decided June 15, 2004.

Wendy Olson, Aaron N. Lucoff, Esq., Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Mark S. Moorer, Esq., Moscow, ID, for Defendant–Appellant.

Before: BRUNETTI, MCKEOWN, and GOULD, Circuit Judges.

## MEMORANDUM **

Defendant–Appellant Joseph Marek, Jr., pleaded guilty to knowingly and intentionally distributing marijuana and cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D). Marek now challenges his conviction on ineffective assistance of counsel (IAC) grounds. Marek asserts that his plea agreement reserved his right to direct appeal. Marek further argues that he did not knowingly and voluntarily waive his right to appeal.

We must enforce Marek's waiver of appeal rights if "(1) the language of the waiver encompasses [his] right to appeal on the grounds claimed on appeal, and (2) the waiver is knowingly and voluntarily made." *See United States v. Nunez*, 223 F.3d 956, 958 (9th Cir.2000). The unambiguous language of Section III of Marek's plea agreement forecloses his right to challenge his conviction on direct appeal.

Because Marek challenges his conviction on direct appeal, we have no juris-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

diction. *See United States v. Vences,* 169 F.3d 611, 613 (9th Cir.1999) ("It would overreach our jurisdiction to entertain an appeal when the plea agreement effectively deprived us of jurisdiction."). The language of Marek's plea agreement permits him to bring his IAC claims only in a collateral proceeding, and only if based on information gained after entry of the plea. Our dismissal of this direct appeal for lack of jurisdiction is without prejudice to any such future proceeding that may be asserted by Marek under circumstances conforming with the plea agreement.

We also reject Marek's argument that, because he was not informed that drug quantity was an element of his offense to be proven beyond a reasonable doubt, he did not knowingly or voluntarily waive his right to appeal. *See United States v. Carranza,* 289 F.3d 634, 644 (9th Cir.2002). Marek's argument fails because drug quantity was not an element of the offenses to which he pleaded guilty. The two counts to which he pleaded guilty in the superseding indictment were not quantity-specific charges. Marek was not exposed to an increased maximum sentence on account of drug quantity; rather, he was exposed to a higher sentence because he had previously been convicted of a felony. *See* 21 U.S.C. § 841(b)(1)(C), (D).

DISMISSED.