**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Stephanie LANDA, Defendant–Appellant.**

**No. 05–16798.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed Feb. 28, 2007.

Allison B. Margolin, Esq., Law Office of Allison B. Margolin, Beverly Hills, CA, for Defendant–Appellant.

* This panel unanimously finds this case suitable for decision without oral argument. *See*    Fed. R.App. P. 34(a)(2).

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Stephanie Landa appeals from a district court order that granted the Government summary judgment on her 28 U.S.C. § 2255 motion. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

■ Landa contends that *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), is retroactive to her case, and the district court granted a Certificate of Appealability on that issue. However, the unambiguous language of Landa's plea agreement encompasses an agreement not to appeal or collaterally attack her conviction or sentence for any reason other than ineffective assistance of counsel. In addition, Landa failed to raise the voluntariness issue in her opening brief and therefore has waived that issue. Accordingly, her plea agreement is valid and precludes us from addressing the issue of *Booker* retroactivity. *See United States v. Nunez*, 223 F.3d 956, 958–59 (9th Cir. 2000); *see also United States v. Cardenas*, 405 F.3d 1046, 1048 (9th Cir.2005) (holding that the changes wrought by *Booker* do not render a guilty plea unknowing or involuntary).

■ Landa raises additional contentions in her briefs. We construe these contentions as a motion to expand the Certificate of Appealability. *See* 9th Cir. R. 22–1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104–05

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(9th Cir.1999) (per curiam). To the extent Landa raises issues other than ineffective assistance of counsel, we deny the motion because her plea agreement precludes us from considering those issues.

■ To the extent that Landa is moving to expand the Certificate of Appealability to include an ineffective assistance of counsel claim, we deny the motion because Landa has not made a substantial showing of the denial of a constitutional right. *See Hiivala*, 195 F.3d at 1104.

**AFFIRMED.**