**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert Dennis PRYCE, Defendant–Appellant.**

**No. 05–50710.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 24, 2007.

Filed Oct. 2, 2007.

Becky S. Walker, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, John C. Hueston, Esq., USSA—Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

David R. Haberbush, Esq., Long Beach, CA, for Defendant–Appellant.

Before: T.G. NELSON, IKUTA, and N.R. SMITH, Circuit Judges.

MEMORANDUM *

Defendant Robert Dennis Pryce appeals from his conviction and sentence following his guilty pleas. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm in part; and reverse and remand in part.

We raised *sua sponte* our jurisdiction over Pryce's appeal of D.C. Case No. CR–

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

02–01207–PA ("Case 1207") in light of Pryce's failure to list Case 1207 on his notice of appeal. We find, based on the record before us and in light of the liberal construction given to notices of appeal filed by *pro se* defendants, that Pryce intended to appeal, and that we therefore have jurisdiction over the appeal of, both Case 1207 and D.C. Case No. CR–02–01206–PA. *See S.M. v. J.K.,* 262 F.3d 914, 922 (9th Cir.2001).

The government complied with its obligations under the plea agreement as well as its general obligation to make a good faith evaluation of Pryce's assistance as of the date of sentencing. *See United States v. Quach,* 302 F.3d 1096, 1102 (9th Cir. 2002); *United States v. Burrows,* 36 F.3d 875, 884 (9th Cir.1994). Pryce's waiver of his appeal rights is enforceable and precludes his challenges to his sentence of incarceration. *United States v. Nunez,* 223 F.3d 956, 958 (9th Cir.2000).

The record on appeal is not sufficiently developed to permit review and determination of Pryce's ineffective assistance of counsel claim. We therefore decline to address this claim. *See United States v. Ross,* 206 F.3d 896, 900 (9th Cir.2000).

The district court's restitution order includes fees and costs paid by the Avakian, Valdecantos, Humber, and Rodeo Canon estates to Pryce's law firm. We reverse this portion of the restitution order and remand to the district court for consideration of whether all fees and costs paid to the firm should be included in the restitution order because of fraud in the inception of the firm's appointment or some other theory, or whether, instead, only "un-

earned" fees should be included in the restitution order.

The district court's restitution order also required Pryce to sell the Tarzana residence to satisfy Pryce's restitution obligation. We reverse this portion of the restitution order and remand to the district court for a determination of who owned or controlled the residence at the time of sentencing, and, if the residence was not owned or controlled by Pryce, whether the residence is nonetheless subject to the district court's order because of a fraudulent conveyance or some other theory.[1]

We reject as without merit all other claims raised by Pryce in relation to the district court's restitution order.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

---

1. Pryce's counsel informed this Court during oral argument that the Tarzana residence has been foreclosed upon and that approximately $65,000 in excess proceeds from the foreclosure sale are being held in trust. If the dis-

trict court's order requiring the residence to be sold to satisfy Pryce's restitution obligation was not erroneous, these excess proceeds are subject to the court's order and must there-

---

fore be turned over to the government for application to Pryce's restitution obligation.

