to a jury trial. *See United States v. Gallegos–Curiel,* 681 F.2d 1164, 1168 (9th Cir. 1982).

**AFFIRMED.**

**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Michael Anthony CERNAK,**
**Defendant—Appellant.**

**No. 06–10762.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 2008.*

Filed Sept. 19, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

U.S. Attorney's Office, Las Vegas, NV, for Plaintiff–Appellee.

Jones Vargas, Las Vegas, NV, for Defendant–Appellant.

Before: O'SCANNLAIN, GOULD, and BEA, Circuit Judges.

### MEMORANDUM **

Petitioner–Appellant Michael Cernak appeals from the district court's imposition of his sentence after he pled guilty to several charges of bank robbery, armed bank robbery, and related charges. The facts are known to the parties and need not be repeated here, except as necessary to explain our decision.

Cernak argues that the waiver of his right to appeal, included in the plea agreement he signed, is ineffective because the district court never ensured that he understood the waiver and, therefore, it

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

was not knowing and voluntary. *See United State v. Bibler*, 495 F.3d 621, 623–24 (9th Cir.2007). We "look to the circumstances surrounding the signing and entry of the plea agreement" to determine whether a waiver was knowing and voluntary. *United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir.2000). We are satisfied that, since Cernak signed the plea agreement (including the waiver), confirmed that he read, understood, and had discussed it with his attorney, and agreed with the prosecutor's summary of the agreement in open court, he waived his right to appeal knowingly and voluntarily. Cernak also suggests that the Rule 11 colloquy was deficient because the prosecutor, not the district court, summarized the agreement. Even if it were a violation of Rule 11, it does not rise to the level of plain error, which is our standard of review in this case because Cernak failed to object to the prosecutor's summary of the plea agreement at the plea hearing. *See United States v. Siu Kuen Ma*, 290 F.3d 1002, 1005 (9th Cir.2002).

Since Cernak's waiver is effective, his appeal must be dismissed unless he expressly reserved his right to appeal by the terms of the agreement. *See United States v. Jacobo Castillo*, 496 F.3d 947, 954 (9th Cir.2007). Even if we construe the plea agreement in Cernak's favor, the agreement still reserved only his right to appeal sentences of greater than twenty-four years imprisonment. Cernak was sentenced to precisely twenty-four years imprisonment; therefore his reservation does not apply and his appeal must be dismissed under the enforceable plea agreement.[1] *See United States v. Nunez*, 223 F.3d 956, 959 (9th Cir.2000).

1. Because we find that Cernak has waived his right to appeal his sentence, we do not reach his substantive challenges to the sentence that the district court imposed. *See, e.g., United*

For the foregoing reasons, the appeal is DISMISSED.

---

*States v. Bolinger*, 940 F.2d 478, 480 (9th Cir.1991).

