
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30302 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00410-RAJ-5 |
| v. | |
| NICHOLAS J. ALEXANDER, Nicholas Alexander Kamerling, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30310 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00410-RAJ-1 |
| v. | |
| BEVERLEE P. KAMERLING, also known as Beverlee Claydon also known as Beverley Claydon also known as Beverly Claydon also known as Beverley Clayton also known as B Patricia Claydon, | |
| Defendant - Appellant. | |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted February 8, 2011
Seattle, Washington

Before: B. FLETCHER, PAEZ, and IKUTA, Circuit Judges.

Alexander and Kamerling appeal their sentences for their role in a "pump and dump" securities fraud conspiracy. By entering into their respective plea agreements, however, Alexander and Kamerling knowingly and voluntarily waived their rights to appeal. *See United States v. Harris*, 628 F.3d 1203, 1205 (9th Cir. 2011). The plea agreements' waiver of "any right conferred by Title 18, United States Code, Section 3742," which was conditioned only on the court's imposition of "a sentence that is within the Sentencing Guidelines range that is determined by the Court at the time of sentencing," constitutes an unambiguous waiver of Alexander and Kamerling's right to appeal the sentencing court's Guidelines calculations. *See* 18 U.S.C. § 3742(a)(2).

The government did not breach the plea agreement by advocating for additional offense level adjustments. Alexander and Kamerling's plea agreements do not state that the parties are barred from advocating for such adjustments, *see United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000), and the absence of a provision expressly authorizing such advocacy does not implicitly create such a

2

bar, *cf. Foad Consulting Group, Inc. v. Azzalino*, 270 F.3d 821, 829–31 (9th Cir. 2001). Moreover, Alexander and Kamerling's subsequent behavior, including Alexander's own advocacy for an additional offense level adjustment, confirms that they did not understand the agreements as prohibiting the government from advocating for additional offense level adjustments. *See Laborers Health & Welfare Trust Fund v. Kaufman & Broad*, 707 F.2d 412, 418 (9th Cir. 1983).

Finally, the district court's ambiguous statement regarding acceptance of responsibility at Kamerling's change-of-plea hearing was not a guarantee that Kamerling would receive an offense level reduction at sentencing. *See United States v. Buchanan*, 59 F.3d 914, 917–18 (9th Cir. 1995). Thus, this statement does not undermine the validity of Kamerling's appeal waiver.

Because Alexander and Kamerling remain bound by their appeal waivers, we decline to exercise jurisdiction over this consolidated appeal. *See Harris*, 628 F.3d at 1205.

**DISMISSED.**