**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50441 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-01130-VBF |
| v. | |
| LATONDREA DENISE SANDERS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted May 24, 2011[**]

Before:     PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Latondrea Denise Sanders appeals from the 144-month sentence imposed
following her guilty-plea convictions for conspiracy, in violation of 18 U.S.C.
§ 371; bank robbery by force or violence, in violation of 18 U.S.C. § 2113; and a
firearm offense. We dismiss the appeal for lack of jurisdiction in light of a valid

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

appeal waiver.

Contrary to Sanders' contention, the appeal waiver applies here because the sentence imposed was below the range specified by the plain language of the plea agreement. *See United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000) (plea agreements are subject to contract law standards of interpretation). The court's colloquy with Sanders regarding the appeal waiver was not deficient for failing to state with greater particularity the agreed upon range, or for any other reason. *See* Fed. R. Crim. P. 11(b)(1)(N).

Sanders also contends that her appeal waiver is unenforceable because the government breached the plea agreement by arguing for an upward adjustment for infliction of bodily injury. Even if the government breached the agreement, there is no plain error because the record reflects that the district court exercised independent judgment in imposing the enhancement based on the information set forth in the presentence report, the Guidelines, and the relevant case law. *See United States v. Maldonado*, 215 F.3d 1046, 1051 (9th Cir. 2000) (where defendant does not raise alleged breach of plea agreement in district court, review is for plain error); *United States v. Olano*, 507 U.S. 725, 734-36 (1993).

**DISMISSED.**

09-50441