**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-17678 |
| Plaintiff - Appellee, | D.C. No. 3:04-cr-00185-HDM-RAM |
| v. | |
| JOHN LIGON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, Senior District Judge, Presiding

Argued and Submitted December 6, 2011
San Francisco, California

Before:   BEA and TROTT, Circuit Judges, and PALLMEYER, District Judge.[**]

John Ligon appeals the district court's judgment dismissing his petition

seeking a writ of error coram nobis as barred by his plea agreement.  We affirm.

The district court correctly concluded that Ligon voluntarily and knowingly

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Rebecca R. Pallmeyer, United States District Judge for the Northern District of Illinois, sitting by designation.

waived his right to bring an "as applied" constitutional challenge in his plea agreement, which explicitly waived any collateral attack on his conviction for possession of a firearm by a felon. Courts generally enforce a defendant's waiver of the right to appeal or collateral attack a conviction if "(1) the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal, and (2) the waiver is knowingly and voluntarily made." United States v. Nunez, 223 F.3d 956, 958 (9th Cir. 2000) (internal quotation marks omitted). The parties do not contest that Ligon's petition for writ of error coram nobis is a form of collateral attack encompassed by the plea agreement. See Telink, Inc. v. United States, 24 F.3d 42, 45 (9th Cir. 1994).

Instead, Ligon contends that at the time of the plea agreement he was laboring under the mistaken belief that, should this court overturn his predicate felony conviction on appeal, his gun rights would be restored automatically, by operation of law. Ligon's own attorney, however, informed Ligon that if he signed the agreement, the only means for reversing his felon-in-possession conviction was by presidential pardon. Where a defendant has been properly advised of the consequences of entering into a plea agreement, the waiver of appellate rights is enforceable. See United States v. Navarro-Botello, 912 F.2d 318, 320-21 (9th Cir. 1990). Ligon's conviction on his guilty plea provides an independent basis upon

2

which 18 U.S.C. § 922(g)(1) now prohibits him from possessing guns. His subjective belief to the contrary is not sufficient to demonstrate that the collateral attack waiver was unknowing and involuntary.

Ligon asks the court to recognize a "miscarriage of justice" exception to otherwise valid waivers of appellate rights. The court declines the invitation. This court does recognize certain exceptions to valid appellate waivers, see United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), but a nebulous "miscarriage of justice" exception is not among them. Even if this court were to entertain such an exception, Ligon's argument would require assessment of the merits of a claim any time an appellant asserts an "as applied" constitutional challenge–an extension well beyond the rare circumstances in which courts that do consider the "miscarriage of justice" exception have applied it. See United States v. Stabile, 633 F.3d 219, 247-48 (3d Cir. 2011), cert. denied, ___ S. Ct. ___, 80 U.S.L.W. 3217 (2011); United States v. Teeter, 257 F.3d 14, 26 (1st Cir. 2001).

Because Ligon knowingly and voluntarily waived his right to collaterally attack his felon-in-possession conviction, the district court's dismissal of his petition is **AFFIRMED**.