**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10019 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-01621-DCB |
| v. | |
| CARLOS DIEGO CRUZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted February 18, 2014[**]

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Carlos Diego Cruz appeals from the district court's judgment and challenges

the 30-month sentence imposed following his guilty-plea conviction for conspiracy

to possess with intent to distribute marijuana, in violation of 21 U.S.C.

§§ 841(a)(1), 841(b)(1)(C), and 846.  We dismiss.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cruz contends that the district court violated Federal Rule of Criminal Procedure 32 by failing to consider a departure under U.S.S.G. § 5K3.1. He also contends that his trial counsel was ineffective. The government argues that this appeal is barred by an appeal waiver. We review de novo whether a defendant has waived his right to appeal. *See United States v. Harris*, 628 F.3d 1203, 1205 (9th Cir. 2011). The record reflects that Cruz knowingly and voluntarily entered into an appeal waiver, which barred any right to challenge his conviction and sentence. Accordingly, we dismiss this appeal in light of the valid appeal waiver. *See id.*; *see also United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000) ("[O]ne waives the right to argue ineffective assistance of counsel at sentencing on direct appeal when one waives the right to appeal the sentence.").

To the extent Cruz is alleging ineffective assistance in connection with counsel's negotiation of the plea, we decline to consider that claim on direct appeal because the record is insufficiently developed to evaluate Cruz's claim, and trial counsel's legal representation was not so inadequate that it can be concluded at this point that Cruz obviously was denied his Sixth Amendment right to counsel. *See United States v. Rahman*, 642 F.3d 1257, 1259-60 (9th Cir. 2011).

**DISMISSED.**