**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10150 |
| Plaintiff-Appellee, | D.C. No. 2:05-cr-00368-JAM-1 |
| v. | |
| RICHARD JAMES PULLEY, Jr., AKA Khaliq Ali Abdul As Salaam, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Raul A. Ramirez, District Judge, Presiding

Submitted August 17, 2018**
San Francisco, California

Before: BEA and CHRISTEN, Circuit Judges, and McLAUGHLIN,*** District Judge.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Mary A. McLaughlin, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Richard James Pulley appeals his conviction, by conditional guilty plea on remand from this Court, for unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In a prior appeal, this Court reversed Pulley's conviction on the basis that he was denied his Sixth Amendment right of self-representation and remanded for a new trial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

First, the district court did not err in denying Pulley's second motion to dismiss the indictment under the Speedy Trial Act. Pulley has waived the issue whether the district court erred by not reaching the merits of the Speedy Trial Act motion by failing to raise this issue in his opening appellate brief. The district court did not reach the merits of Pulley's second motion to dismiss under the Speedy Trial Act in its May 3, 2016 order, instead finding that Pulley had waived such arguments by not presenting them in his initial appeal. In his opening brief, Pulley does not identify any error in that holding. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005) ("[A]n issue is waived when the appellant does not specifically and distinctly argue the issue in his . . . opening brief."). Rather, Pulley addresses the merits of the Speedy Trial Act argument, which were not addressed by the court below.

Moreover, Pulley could have raised his arguments regarding the factual bases of the district court's denial of his motion to dismiss in his first Speedy Trial Act motion or his first appeal, but failed to do so. Before the first trial, Pulley moved to dismiss the indictment on the theory that the failure of the court to articulate explicitly an ends-of-justice finding was fatal to the effective exclusion of time under the Speedy Trial Act. His initial motion did not challenge the factual bases underlying the exclusions of time. The district court and this Court rejected Pulley's Speedy Trial Act arguments on the merits, and this Court specifically noted Pulley's failure to challenge the factual bases in question. Because Pulley did not challenge the factual bases underlying the exclusions of time prior to his first trial or during the first appeal, he cannot do so in the present appeal. *See United States v. Nagra*, 147 F.3d 875, 882 (9th Cir. 1998) ("When a party could have raised an issue in a prior appeal but did not, a court later hearing the same case need not consider the matter.").

Second, in the plea agreement, Pulley waived appeal of the ineffective assistance of counsel claim that defense counsel failed to challenge the underlying factual bases in the original motion to dismiss under the Speedy Trial Act. The plea agreement states that "this Agreement constitutes a complete waiver of all appellate rights, except for the single issue described in Section II.B [the May 3,

2016 denial of his motion to dismiss the indictment pursuant to the Speedy Trial Act].ꞌꞌ  Accordingly, Pulley's waiver preserved only two issues on which he could potentially argue ineffective assistance of counsel: (1) ineffective assistance that occurred on remand leading up to the May 3, 2016 denial of his Speedy Trial Act motion, or (2) ineffective assistance affecting the voluntariness of the waiver itself. *United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000) (holding that where waiver includes right to appeal sentence, it also waives right to argue ineffective assistance during sentencing); *Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) (a waiver of appellate rights is unenforceable with respect to ineffective assistance of counsel claims challenging the voluntariness of the waiver itself). The plea agreement did not preserve Pulley's ability to argue that previous trial and appellate counsel (those not involved in litigating the May 3, 2016 denial of his speedy trial motion or in advising him on entry into the appellate waiver) were ineffective.

Pulley's motion requesting that we take judicial notice of General Order No. 479 of the United States District Court for the Eastern District of California is granted.  *See* Fed. R. Evid. 201(b); *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).

**AFFIRMED**.