NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 12 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SAMUELA TUIKOLONGAHAU,
Jr., AKA Samuela Latu Tuikolongahau,
Jr., AKA Samu,

Defendant - Appellant.

No. 23-673

D.C. No.
1:22-cr-00111-HG-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted June 10, 2024**
Honolulu, Hawaii

Before: CALLAHAN, HURWITZ, and H.A. THOMAS, Circuit Judges.

Samuela Tuikolongahau pleaded guilty to seven counts of bank fraud in

violation of 18 U.S.C. § 1344 and four counts of aggravated identity theft in

violation of 18 U.S.C. § 1028A. In his plea agreement, he expressly waived the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

right to appeal "any sentence within the Guidelines range as determined by the Court at the time of sentencing" and "the manner in which the sentence . . . was determined, on any ground whatsoever." The district court determined that the Guidelines range for the bank fraud counts was 30 to 37 months and imposed concurrent 37-month terms of imprisonment on each. It then imposed concurrent terms of two years on three of the identity fraud counts, to be served consecutively to the bank fraud sentence, and a two-year term on the remaining identity fraud count, to be served consecutively to all other sentences. *See* 18 U.S.C. §§ 1028A(b)(2), (4).

Tuikolongahau's total sentence of incarceration, 85 months, is within the Guidelines range determined by the district court. In any event, Tuikolongahau does not discuss, let alone attack the validity of, the appeal waiver in his plea agreement. We therefore dismiss the appeal. *See United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000) ("Because [the defendant's] waiver of appeal in his signed plea agreement is unambiguous, and because he waived the issue whether it was knowingly and voluntarily made, we must dismiss his appeal.").

**DISMISSED.**