NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 15 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDIBERTO GURROLA,

Defendant - Appellant.

No. 24-4

D.C. No.
3:23-cr-01793-LR-2

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted August 13, 2024[**]
Pasadena, California

Before: EBEL[***], BADE, and FORREST, Circuit Judges.

Ediberto Gurrola appeals his sentence imposed after he was convicted,

pursuant to his guilty plea, of transportation of aliens in violation of 8 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David M. Ebel, United States Senior Circuit Judge for the Court of Appeals, 10th Circuit, sitting by designation.

§ 1324(a)(1)(A)(ii), (v)(II).  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

1. Gurrola argues that the district court abused its discretion in applying an upward adjustment for "creating a substantial risk of death or serious bodily injury" under U.S.S.G. § 2L1.1(b)(6).  A court abuses "its discretion only if its conclusion . . . is illogical, implausible, or without support in inferences that may be drawn from facts in the record."  *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1175 (9th Cir. 2017) (en banc) (quotation marks and citation omitted).

As an initial matter, the district court found "by a preponderance of [the] evidence" that Gurrola told the driver of a vehicle containing unrestrained aliens to "keep going" when they saw the Border Patrol's flashing lights.  Considering the undisputed information in the presentence report (PSR) and the factual basis for the plea, Gurrola has not shown that this factual finding was clearly erroneous.  *See United States v. Romero-Rendon*, 220 F.3d 1159, 1165 (9th Cir. 2000) (holding that the "uncontroverted PSR" was clear and convincing evidence for the factual basis for an enhancement).

"No precise formula undergirds the determination of what constitutes substantial risk."  *United States v. Carreno*, 363 F.3d 883, 890 (9th Cir. 2004), *vacated and remanded on other grounds*, 543 U.S. 1099 (2005).  We have upheld enhancements for "substantial risk" in the context of "vehicular travel only when

the circumstances increased the likelihood of an accident or the chance of injury without an accident." *United States v. Torres-Flores*, 502 F.3d 885, 890 (9th Cir. 2007) (collecting cases). The district court did not abuse its discretion in applying § 2L1.1(b)(6) because the record supports the conclusion that Gurrola's conduct "exacerbate[d] the likelihood of an accident."[1] *Id.* (emphasis omitted). Further, the commentary to § 2L1.1(b)(6) contemplates that it will be applied when a defendant flees from law enforcement. *See* U.S.S.G. § 2L1.1 cmt. 3 ("If subsection (b)(6) applies solely on the basis of conduct related to fleeing from a law enforcement officer, do not apply an adjustment from § 3C1.2 (Reckless Endangerment During Flight)."); *see also Stinson v. United States*, 508 U.S. 36, 38 (1993) (noting that the commentary in the Guidelines is authoritative). While Gurrola was not the driver, he recruited the driver and paid her to transport the aliens, and her conduct was reasonably foreseeable. *See* U.S.S.G. § 1B1.3(a)(1)(B) (identifying as relevant conduct "acts and omissions of others that were . . . . reasonably foreseeable").

The record also reflects that the district court considered the appropriate sentencing factors under 18 U.S.C. § 3553 and imposed a sentence on that basis. It properly relied on the uncontested portions of the presentence report. Fed. R.

---

[1] The record reflects that Gurrola instructed the driver to continue driving on the highway after Border Patrol Agents activated their lights to stop the vehicle while it was carrying unrestrained aliens.

Crim. P. 32(i)(3)(A); *Romero-Rendon*, 220 F.3d at 1161–62 ("[A] district court may rely on an unchallenged PSR at sentencing to find by a preponderance of the evidence that the facts underlying a sentence enhancement have been established.").

2.      Gurrola contends that his trial counsel provided ineffective assistance by failing to object to the PSR and by failing to file a declaration from an investigator. Gurrola's plea agreement includes an appeal waiver. Although that waiver preserved Gurrola's ability to bring an ineffective assistance claim in a "collateral[] attack," it bars such a claim on direct appeal.[2] *See United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000) (waiver of right to appeal conviction or sentence applies to ineffective assistance of counsel claims, though such claims may be raised in collateral proceedings). Furthermore, claims of ineffective assistance are disfavored on direct appeal. *United States v. Moreland*, 622 F.3d 1147, 1157 (9th Cir. 2010). We may review ineffective assistance claims on direct appeal "(1) when the record on appeal is sufficiently developed to permit review and determination of the issue, or (2) when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *United States v. Daychild*, 357 F.3d 1082, 1095 (9th Cir. 2004) (citation

---

[2] The plea agreement also preserved his right to "appeal a custodial sentence above the high end of the guideline range recommended by the Government at sentencing."

omitted).  Neither condition is satisfied here.  We decline to consider Gurrola's ineffective assistance claim.

**AFFIRMED.**