NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MIGUEL MARTINEZ-ALEJANDREZ,
a.k.a. Miguel Martinez Alejandrez, a.k.a.
Miguel Martinez, a.k.a. Miguel A.
Martinez, a.k.a. Miguel Alejandrez
Martinez, a.k.a. Miguel Alejandro
Martinez,

Defendant - Appellant.

No. 10-10560

D.C. No. 4:10-cr-00066-SBA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted November 8, 2011[**]

Before:     O'SCANNLAIN, TASHIMA, and GRABER, Circuit Judges.

Miguel Martinez-Alejandrez appeals from his guilty-plea conviction and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

30-month sentence imposed for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291. We dismiss in light of the valid appeal waiver, but we remand to the district court to correct the judgment.

Martinez-Alejandrez contends that his trial counsel provided ineffective assistance by failing to pursue a statute of limitation defense or to contest the 16-level enhancement. He further contends that the appeal waiver in his plea agreement does not bar these claims because the waiver was not knowingly and voluntarily made.

Although the appeal waiver allows Martinez-Alejandrez to raise an ineffective assistance of counsel claim in a 28 U.S.C. § 2255 motion, it expressly bars the instant appeal. *See United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000) (waiver of right to appeal conviction or sentence applies to ineffective assistance of counsel claims, though such claims may be raised in a collateral proceedings). Furthermore, the record reflects that Martinez-Alejandrez's waiver was knowingly and voluntarily made. To the extent Martinez-Alejandrez argues that his waiver was not knowing and voluntary because of his counsel's ineffective assistance, we decline to consider that contention on direct appeal. *See United States v. Rahman*, 642 F.3d 1257, 1259-60 (9th Cir. 2011).

In accordance with *United States v. Rivera-Sanchez* , 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the reference to section 1326(b).  *See United States v. Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to section 1326(b)).

**DISMISSED; REMANDED to correct judgment.**