**Alejandro VACA–ORTIZ, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civil Action No. 2:04–CV–024–WCO. Criminal Action No. 2:02– CR–030–04–WCO.**

United States District Court, N.D. Georgia, Gainesville Division.

May 27, 2004.

Alejandro Vaca–Ortiz, Big Spring, TX, pro se.

## ORDER

O'KELLEY, Senior District Judge.

The captioned case is before the court for consideration of petitioner's pro se motion [313–1] to vacate his sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty in this court to possessing with the intent to distribute marijuana and was sentenced to a term of seventy months in prison and a three-year term of supervised release, which is to be suspended while petitioner is outside of the United States due to deportation. Furthermore, petitioner was ordered to pay a fine of $2,000.00 and a special assessment of $100.00.

As part of his plea agreement, petitioner waived the right to appeal his sentence and the right to collaterally attack his sentence in any post-conviction proceeding. That waiver contained two exceptions; petitioner retained the right to file a direct appeal of an upward departure from the otherwise applicable sentencing guidelines and the right to appeal in the event that the government chose to file a direct appeal. It is undisputed that neither of those events occurred. This court did not

upwardly depart, and the government did not file a direct appeal.

Petitioner makes two arguments in his brief in support of his motion to vacate his sentence. He contends that his counsel was ineffective for failing to discuss and explain the presentence report prior to sentencing and ineffective for failing to seek an offense-level reduction for petitioner's minor role in the offense. Because the court finds that those claims were waived, it is unnecessary to discuss the factual allegations surrounding petitioner's assertions in any further detail.

*Petitioner's Waiver*

The seminal case from the Eleventh Circuit addressing a criminal defendant's ability to waive the right to appeal or collaterally attack[1] his sentence is *United States v. Bushert,* 997 F.2d 1343 (11th Cir.1993). In *Bushert,* the court held that waivers of the right to appeal a sentence would generally be enforced if the district court finds that the defendant made a knowing and voluntary decision to waive his right to appeal. *Id.* at 1350. The court went to great lengths to make clear that this did not mean that a waiver of the right to appeal a sentence would forever foreclose appellate review; to the contrary, the court noted that to enforce such an agreement, the government must show that either "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Id.* at 1351. In most circumstances, the government will need to show that the district court discussed the sentence appeal waiver at the Rule 11 hearing. *Id.*

■ Here, a review of the colloquy between petitioner and the magistrate judge before whom he tendered his plea of guilty reveals that his waiver of the right to challenge his sentence, by either a direct appeal or a collateral attack, was made knowingly and voluntarily. At the plea hearing, petitioner indicated that he had reviewed the plea agreement with his lawyer, that he understood the terms of the agreement, that the plea agreement represented the entirety of his deal with the government, that nobody had coerced him to sign the agreement or made any promises not contained in the agreement, that he understood that the sentencing judge would not be bound by any recommendations made in the agreement, and that he understood that the district judge could impose a sentence greater than petitioner might anticipate. [Tr. of Oct. 29, 2003 Plea Hearing at 22–24]. Furthermore, petitioner told the magistrate judge that he understood he was waiving the right to appeal except if the sentencing judge upwardly departed or if the government chose to appeal. [*Id.* at 22]. The court finds that petitioner entered a knowing and voluntary plea of guilty and that the magistrate judge specifically questioned him about the sentence appeal waiver during the Rule 11 colloquy, as required by *Bushert.*

*Whether Petitioner's Waiver Applies to this Motion*

■ Petitioner's motion to vacate his sentence, filed pro se, makes no mention of the waiver contained in his plea agreement. The government, however, argues that the motion should be denied on the grounds that petitioner waived the right to collaterally challenge his sentence. The

---

1. The legal discussion in *Bushert* refers to the right to "appeal." However, the waiver in *Bushert* referred to that defendant's right to "appeal or contest, directly or collaterally, his sentence on any ground." *Bushert,* 997 F.2d at 1345. This court is of the opinion that the discussion regarding "appeals" in *Bushert* is equally applicable to collateral attacks.

question facing this court is whether a criminal defendant, through the plea process, can knowingly and voluntarily waive the right to bring a claim for ineffective assistance of counsel.

■ As an initial matter, the court notes that a criminal defendant could not waive the right to bring a claim for ineffective assistance of counsel in which he alleges ineffectiveness at the time he was entering the plea or ineffectiveness related to advice he received regarding the waiver. Ineffective assistance of counsel at those critical times would require a finding that the plea was not entered knowingly and voluntarily, which would in turn mean that a court could not enforce a waiver contained within that plea agreement. *Bushert*, 997 F.2d at 1350–51. *See also United States v. White*, 307 F.3d 336, 343 (5th Cir.2002) (holding that "an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself"); *United States v. Cockerham*, 237 F.3d 1179, 1184 (10th Cir.2001) (noting that a claim of ineffective assistance of counsel in connection with the negotiation of a plea agreement cannot be barred by the agreement itself); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir.1999) (same). The claims raised in petitioner's section 2255 motion do not challenge the effectiveness of counsel during the plea process or in any way relate to the advice he received in reaching the decision to plead guilty and agree to a waiver of the right to challenge his sentence. Rather, he challenges only the effectiveness of his counsel during the sentencing process. Accordingly, the court

must decide whether those claims, for ineffective assistance of counsel at sentencing, are foreclosed by the waiver contained in his plea agreement.

The majority of circuits that have addressed this question have found that, as part of a plea agreement, a criminal defendant may waive the right to bring a claim for ineffective assistance of counsel that might arise at sentencing. *White*, 307 F.3d at 343–44; *Cockerham*, 237 F.3d at 1187; *Davila v. United States*, 258 F.3d 448, 451 (6th Cir.2001); *United States v. Nunez*, 223 F.3d 956, 959 (9th Cir.2000) (addressing the issue on direct appeal); *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir.2000); *United States v. Djelevic*, 161 F.3d 104, 106–07 (2d Cir.1998) (addressing the issue on direct appeal). The Eighth Circuit reached a similar result in an unpublished, non-binding opinion. *Allen v. United States*, No. 01–2670, 2002 WL 857567 (8th Cir. May 7, 2002). At least one circuit appears to part company from the majority position noted above. *See United States v. Attar*, 38 F.3d 727, 732 (4th Cir.1994) (noting that a general waiver of appeal cannot include a subsequent collateral challenge based on a violation of the Sixth Amendment's right to counsel because "a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations").[2]

■ The court agrees with the majority of the circuits that have found that a waiver of the right to appeal or mount a collateral attack on one's sentence can serve to

---

**2.** It should be noted that the waiver in *Attar* specifically excluded challenges based on ineffective assistance of counsel not known to the defendants at the time they entered in to the agreement. Although the court did not explicitly rely on that provision, it does serve as a distinguishing feature not contained in

the waiver presented by the case at bar. *See Cockerham*, 237 F.3d at 1186, 1186 n. 3 (distinguishing *Attar* on those grounds and noting that the appeal waivers in the Fourth Circuit frequently contain language reserving the right to raise claims for ineffective assistance of counsel).

bar a subsequent claim for ineffective assistance of counsel during sentencing. A holding to the contrary would allow a defendant to bring nearly any substantive challenge to his sentence, which would otherwise be barred by his appeal waiver, by asserting that his lawyer was somehow ineffective with regard to that sentencing issue. *See Djelevic,* 161 F.3d at 107. As noted by the *Djelevic* court, if this court were to allow petitioner to bring "a claim of ineffective assistance of counsel at sentencing as a means of circumventing plain language in a waiver agreement, the waiver of appeal provision would be rendered meaningless." *Id. See also White,* 307 F.3d at 344 (noting that "[i]f all ineffective assistance of counsel claims were immune from waiver, any complaint about the process could be brought in a collateral attack by merely challenging the attorney's failure to achieve the desired result"). The plea agreement is too important a tool to both the United States and a criminal defendant to permit such an easy end run around a waiver provision agreed to by both parties.

■ In addition to the practical problems that would arise from a judicial unwillingness to enforce knowing and voluntary plea agreements, there is a constitutional basis for the notion that a criminal defendant should be able to waive the right to bring a claim that he received ineffective assistance of counsel at sentencing. By choosing to forego a trial and enter a plea agreement, a defendant inherently decides to give up many of his statutory and constitutional rights. Indeed, a brief review of Federal Rule of Criminal Procedure 11(b) reveals that a district court must advise a defendant that he waives the following rights by tendering a plea of guilty: the right to plead not guilty, the right to a jury trial, the right to be represented by counsel, the right at trial to confront adverse witnesses, the right to be protected from compelled self-incrimination, the right to testify and present evidence, and the right to compel the attendance of witnesses. Fed.R.Crim.P. 11(b). As Rule 11 implicitly makes clear, and as the Supreme Court has explicitly made clear, the Sixth Amendment right to effective assistance of counsel may be waived. *See Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Accordingly, this court sees no reason to treat that right any differently than it would treat the others that a defendant might choose to waive by agreeing to enter a plea of guilty. *See White,* 307 F.3d at 343 (holding that "we see no need to except ineffective assistance of counsel claims from the general rule allowing defendants to waive their statutory rights so that they can reach a plea agreement if they wish"). As previously noted, that holding is necessarily limited by the understanding that a defendant can never waive the right to later argue that the very agreement containing the waiver was procured under circumstances where he was receiving ineffective assistance of counsel. That obvious exception notwithstanding, the court sees no reason why a defendant at the plea stage should be prevented from waiving his right to effective assistance of counsel at sentencing, just as he is permitted to waive his right to effective assistance of counsel at trial.

The court notes that even this holding, preventing petitioner from raising a claim for ineffective assistance of counsel at sentencing, would not have left petitioner without redress if this court had imposed a sentence beyond what was permitted by law. As previously noted, the agreement specifically allowed petitioner to appeal or collaterally attack any upward departure, thereby providing an avenue of relief if this court had imposed a sentence greater than the statutory maximum as established

by Congress. Furthermore, the Eleventh Circuit has noted in dicta that "there are certain fundamental and immutable legal landmarks within which the district court must operate regardless of the existence of sentence appeal waivers," opining that a court could not impose a sentence in excess of the maximum penalty permitted by statute or sentence a defendant based upon an unjustifiable standard such as race or religion. *Bushert*, 997 F.2d at 1350 n. 18. Accordingly, even a defendant who did not have the benefit of the exceptions noted in this waiver agreement could have sought relief. Nevertheless, this court has no occasion to further expound upon those principles because they are not at issue in this case; defendant did not receive a sentence in excess of what is permitted by statute or the sentencing guidelines, and there is no allegation that any unjustifiable consideration such as race or religion played a role in his sentencing. Rather, it is sufficient to hold that a waiver of the right to appeal or collaterally attack a sentence can include waiver of the right to raise a claim of ineffective assistance of counsel at sentencing. In this case, petitioner's motion pursuant to section 2255 is barred because it raises no claims other than those related to the sufficiency of his counsel during the sentencing process.

The court further notes that this holding is not contrary to the Eleventh Circuit's instructions in *Bushert*. In *Bushert*, the court noted in dicta that

> [e]ven judicially enforced, knowing and voluntary sentence appeal waivers as broad as Bushert's—which include a waiver of collateral appeal of his sentence—would not prevent a collateral § 2255 action concerning certain subjects. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.1993) (allowing, despite the existence of a sentence appeal waiver, § 2255 proceedings "such as a claim of ineffective assistance of

counsel or involuntariness of waiver.") (citations omitted).

*Bushert*, 997 F.2d at 1350 n. 17. That footnote was dicta because the defendant in *Bushert* was found to have *not* entered a knowing and voluntary waiver, thereby rendering unnecessary any discussion of what the proper analysis would have been if the court had found to the contrary regarding the voluntariness of the waiver. Furthermore, the reasoning espoused in that footnote gives little guidance as to which "certain subjects" might be raised in a section 2255 proceeding despite the existence of a waiver of the right to raise a collateral attack on one's sentence. The case law in other circuits has developed well beyond the general principle espoused in *Bushert*, by reference to a parenthetical notation, that claims of ineffective assistance of counsel may be raised in a section 2255 proceeding despite the existence of an otherwise valid waiver. Indeed, the Ninth Circuit, upon which the *Bushert* court relied, has expanded upon the reasoning of *Abarca* by holding that "one waives the right to argue ineffective assistance of counsel at sentencing on direct appeal when one waives the right to appeal the sentence." *Nunez*, 223 F.3d at 959. Accordingly, the court finds footnote seventeen in *Bushert* to be non-binding dicta that is even questionable as persuasive authority in light of the advances in this area of the law as noted by the other circuits, including the one relied upon in that footnote.

In conclusion, the court finds that petitioner entered into a knowing and voluntary waiver of his right to directly appeal or collaterally attack his sentence. Petitioner's claims in this section 2255 proceeding, which relate solely to the effectiveness of his counsel during the sentencing process, are barred by that waiver. Accordingly, his motion [313–1]

pursuant to 28 U.S.C. § 2255 is hereby **DENIED.**

IT IS SO ORDERED, this ___ day of May, 2004.