[No. F056712. Fifth Dist. Jan. 8, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
DANIEL RODRIGUEZ OROZCO, Defendant and Appellant.

1280

**COUNSEL**

Elizabeth Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Galen N. Farris, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**VARTABEDIAN, Acting P. J.**—Defendant Daniel Rodriguez Orozco entered a no contest plea to one count of second degree murder and admitted a firearm enhancement (Pen. Code, § 12022.5) and a gang enhancement (Pen. Code, § 186.22, subd. (b)(1)). As part of his plea bargain, he agreed to what was characterized as an all-encompassing waiver of appellate rights, including any challenges based on ineffective assistance of counsel. Although the form he executed was entitled "Waiver of Appellate Rights," it included waiver of the right to bring a motion to withdraw his plea. At the time of sentencing, defendant requested a continuance to retain private counsel and sought to bring a motion to withdraw his plea, which could include a challenge of the effectiveness of his counsel. His request was denied because the trial court determined he waived such rights at the time of his plea. Defendant claims the trial court erred in failing to consider his motions. We reverse, finding a defendant cannot be found to have waived his presentence right in the trial court to challenge the effectiveness of his counsel when the

claimed ineffectiveness relates to the advice he received at the time he entered the plea containing that purported waiver.

## Procedural Facts

Defendant was charged with the first degree murder of Elliot Flores occurring on December 28, 2006. In addition, it was alleged that he personally and intentionally discharged a firearm resulting in death, within the meaning of Penal Code section 12022.53, subdivision (d); personally used a firearm pursuant to Penal Code section 12022.5, subdivision (a); and committed the crime for the benefit of a criminal street gang in violation of Penal Code section 186.22, subdivision (b)(1). He was also charged with the second crime of active participation in a criminal street gang pursuant to Penal Code section 186.22, subdivision (a).

On September 9, 2008, defendant signed a standard waiver of rights and plea form. It was agreed he would plead guilty to one count of second degree murder (for a term of 15 years to life) and would admit the personal use of a firearm allegation (for a consecutive sentence of 10 years) and admit the gang allegation (for an additional and consecutive sentence of 10 years). The standard form also stated that he was agreeing to a waiver of appellate rights.

In addition to the standard waiver of rights and plea form, defendant also signed a separate document entitled "Waiver of Appellate Rights." This latter form was an all-encompassing waiver form that expressed the waiver of all issues in the case, both prior to the entry of the plea and subsequent to the plea agreement. Not only did the waiver include any right to a direct appeal of any matter in the case, it also included a waiver of his right to collaterally attack any issue of fact or law. Defendant purported to waive the right to allege that he received ineffective assistance of counsel in any matter, including any advice regarding the entry into the plea agreement. In addition to waiving all appellate rights, the agreement contained a clause that stated defendant waived his right to move to withdraw his guilty plea.

The court held a hearing on September 9, 2008, to advise defendant of his rights and for defendant to enter his plea. The court advised defendant of the standard rights he was waiving by entering into the plea deal, and defendant expressly waived these rights on the record. Defendant pleaded no contest to second degree murder and admitted the firearm and gang enhancements. In addition, the trial court advised defendant that he had the right to appeal numerous aspects of his case and asked him if he was waiving his appellate rights. Defendant agreed to the waiver.

At the outset of the sentencing hearing on October 21, 2008, defense counsel advised the court of defendant's desire to hire private counsel, Nick Reyes, to review his plea and possibly ask for a withdrawal of his plea. Defense counsel noted that defendant's waiver of appellate rights included a waiver of the right to withdraw his plea.

In addition to detailing defendant's history with different counsel, the prosecutor commented that defendant had waived his right to appeal. The trial court agreed that defendant had clearly waived his appellate rights. In addition, the court said that defendant had not yet retained Reyes, Reyes was not in court, and the court intended to proceed with sentencing.

Defense counsel stated that based on the nature of the case it was important to put on the record that defendant was asking for time to hire private counsel and to make a motion to withdraw his plea. The court responded that the case had been pending for quite some time and no retained counsel was present in court. The court found no good cause to continue the matter. The court then noted that proposed retained counsel, Reyes, was in court. Reyes was asked if he had been retained, and he replied that he had not been retained.

Quoting from the waiver of appellate rights form, the court in particular noted the portion where defendant waived his right to move to withdraw his guilty plea. The court continued, "It is an all-encompassing waiver. [When] [i]t was entered into the Court addressed the waiver on the date of the plea, and we are proceeding to sentencing."

The court proceeded to sentencing. Defense counsel was asked if she had any comments. She expressed defendant's wish to withdraw his plea. Defense counsel submitted the matter. The court stated, "[C]onsidering the all-encompassing nature of that waiver, there is no reason not to proceed to sentencing today. Mr. Reyes has not even been retained as counsel."

The court sentenced defendant to prison as agreed in his plea arrangement.

## Discussion

■ "Ordinarily, criminal defendants may waive rights that exist for their own benefit. 'Permitting waiver . . . is consistent with the solicitude shown by modern jurisprudence to the defendant's prerogative to waive the most crucial of rights.' [Citation.] 'An accused may waive any rights in which the public does not have an interest and if waiver of the right is not against public

policy.' " (*Cowan v. Superior Court* (1996) 14 Cal.4th 367, 371 [58 Cal.Rptr.2d 458, 926 P.2d 438].)

■ "A broad or general waiver of appeal rights ordinarily includes error occurring before *but not after* the waiver because the defendant could not knowingly and intelligently waive the right to appeal any unforeseen or unknown future error." (*People v. Mumm* (2002) 98 Cal.App.4th 812, 815 [120 Cal.Rptr.2d 18], italics added.) "Thus, a waiver of appeal rights does not apply to ' "possible future error" [that] is outside the defendant's contemplation and knowledge at the time the waiver is made.' " (*Ibid.*, original brackets.) "[A] general waiver of the right to appeal, given as part of a negotiated plea agreement, will not be construed to bar the appeal of sentencing errors [unresolved by the particular plea agreement] occurring subsequent to the plea . . . ." (*People v. Panizzon* (1996) 13 Cal.4th 68, 85 [51 Cal.Rptr.2d 851, 913 P.2d 1061], fn. omitted.)

Defendant contends the trial court erred in failing to consider his motion to withdraw his plea, in failing to hold a closed hearing to allow him to articulate his concerns regarding his appointed counsel, and in failing to grant a brief continuance to allow him to retain counsel. Defendant asserts this issue is not resolved by the waiver he entered at the time of his plea because a motion to withdraw the plea would be outside of his contemplation and knowledge at the time the plea was entered and thus such a waiver could not be knowingly and intelligently made.

Respondent argues defendant's plea bargain encompassed not only the waiver of the right to move to withdraw his plea, but also the waiver of the right to appeal any judicial rulings up to and including the imposition of sentence. His waiver was not a general waiver, notes respondent, but an explicit waiver that was knowingly, intelligently, and voluntarily made; as a result, the items defendant explicitly waived were not outside of his contemplation and knowledge at the time he entered his plea. It is respondent's contention that the terms of the plea agreement must be enforced and defendant's claims on appeal must be deemed waived.

In reply, defendant contends that the breadth of his waiver would be staggering and against public policy if this court were to adopt respondent's position regarding the waiver. After citing several examples of absurd scenarios that could result if respondent's interpretation of the waiver document is adopted, defendant narrows his claim to this case and argues that the waiver cannot apply to a challenge to his plea based on ineffective assistance of counsel or his right to retain substitute counsel.

Because defendant's narrower argument resolves the issue in this case, we need not determine if the all-encompassing waiver as a whole violates public

policy and we need not decide if any portion of the waiver is invalid based on the theory defendant could not knowingly and intelligently waive any possible future error.

■ Although the parties have not cited and we have not found any California cases directly on point, federal authorities have consistently held "that a criminal defendant could not waive the right to bring a claim for ineffective assistance of counsel in which he alleges ineffectiveness at the time he was entering the plea or ineffectiveness related to advice he received regarding the waiver. Ineffective assistance of counsel at those critical times would require a finding that the plea was not entered knowingly and voluntarily, which would in turn mean that a court could not enforce a waiver contained within that plea agreement. [*U.S. v. Bushert* (11th Cir. 1993) 997 F.2d 1343, 1350–1351.] *See also United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002) (holding that 'an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself'); *United States v. Cockerham*, 237 F.3d 1179, 1184 (10th Cir. 2001) (noting that a claim of ineffective assistance of counsel in connection with the negotiation of a plea agreement cannot be barred by the agreement itself); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) (same)." (*Vaca-Ortiz v. U.S.* (N.D.Ga. 2004) 320 F.Supp.2d 1362, 1365.) To hold such a waiver enforceable "would deprive a defendant of the 'opportunity to assert his Sixth Amendment right to counsel where he had accepted the waiver in reliance on delinquent representation.' " (*U.S. v. Cockerham, supra*, 237 F.3d at p. 1184.)

■ We agree with the federal authorities and find justice dictates that a claim of ineffective assistance of counsel in connection with the making of the waiver agreement cannot be barred by the agreement that is the product of the alleged ineffectiveness.

In this case, defendant cannot be faulted or held responsible for failing to adequately specify the grounds for his motion to withdraw his guilty plea because he was precluded from making any showing based on the belief of counsel and the trial court that he had waived the right to make such a motion. We note the waiver agreement did not preclude defendant from seeking a continuance nor did it preclude him from retaining private counsel to represent him in further motions. Even if his waiver agreement is interpreted to preclude him from raising on appeal an issue regarding a continuance or the retention of private counsel (an interpretation about which we make no finding at this time), the trial court cannot abdicate its own statutory and constitutional duties to rule on motions properly brought merely because defendant may not be able to raise those errors on appeal.

## Disposition

The judgment is reversed and the matter remanded to the trial court to hold a hearing where defendant may, if he wishes, move to withdraw his guilty plea in accordance with the views expressed herein. The court shall consider that motion and any other properly brought motion on the merits. If defendant declines to bring any proper motions, the trial court shall reinstate the judgment.

Wiseman, J., and Gomes, J., concurred.