Filed 5/5/14  P. v. Garcia CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JESSE GEORGE GARCIA,<br><br>Defendant and Appellant. | F065824<br><br>(Super. Ct. No. VCF238001)<br><br>**OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Tulare County.  Gerald F. Sevier, Judge.

Harry Zimmerman, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P.J., Kane, J. and LaPorte, J.†

†       Judge of the Superior Court of Kings County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Appellant, Jesse George Garcia, pled no contest to 19 counts of lewd and lascivious conduct with a child under the age of 14 (counts 1-7, 13-14, 16-25/Pen. Code, § 288, subd. (a))[1] and one count each of rape by force (count 26/§ 261, subd. (a)(2)) and possession of cocaine (count 15/Health & Saf. Code, § 11350). Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On March 3, 2010, the Visalia Police Department was informed that eight-year-old K.G. had reported to an elementary school teacher that Garcia, her father, had raped her sometime in 2009 and that he also molested her sisters S.G., age 11, and A.G., age 13.

On April 21, 2010, during an investigative interview, K.G. stated that around October or November 2008, during a visit by Garcia with her mother, Garcia slept on the floor of K.G.'s room. As K.G. slept on her stomach, Garcia got on top of her over the blankets and began moving up and down. After three attempts, K.G. was able to shake her father off and he returned to his sleeping area on the floor.

S.G. was also interviewed and reported that when she was 10 years old, on an occasion when Garcia slept on the floor of her bedroom, S.G. awoke to find her pajamas and underwear pulled down, and Garcia rubbing her bare buttocks and back. Garcia then penetrated her anus.

A.G. reported that Garcia molested her from the age of seven until she was twelve. The molestations occurred on an almost nightly basis and included Garcia penetrating her anus and vagina with his finger or penis.

Garcia was arrested on June 11, 2010. During a search incident to his arrest police officers found .12 grams of cocaine in his pocket.

---

[1]     All further statutory references are to the Penal Code, unless otherwise indicated.

On July 28, 2011, 32-year-old M.S. told investigators Garcia married her mother in 1982 and sexually molested her from age 5 until she was 17 or 18 years old, including one incident when she was approximately 17 when he raped her.

On May 15, 2012, the district attorney filed a fourth amended information charging Garcia with the counts he pled to and to three counts of oral copulation or sexual penetration of a child 10 years of age or younger (counts 9, 10 & 12/§ 288.7, subd. (b)) and two counts of sexual intercourse or sodomy with a child 10 years of age or younger (counts 8 and 11/§ 288.7, subd. (a)).

On May 17, 2012, Garcia pled no contest to the counts noted above and waived his appeal rights. In exchange for his plea, the prosecutor agreed to dismiss the remaining counts and allegations including the multiple victims allegations in the counts Garcia pled to and Garcia would receive a stipulated 45-year term.

On June 6, 2012, Garcia filed a motion to withdraw his plea.

On July 26, 2012, the court denied Garcia's motion and sentenced him to an aggregate 45-year term: the middle term of six years on count 1, a consecutive two-year term (one-third the middle term of six years) on each of counts 2 through 7, 13 through 14, and 16 through 25, a consecutive three-year term on count 26 and a concurrent middle term of two years on count 15.

Garcia's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) However, in two documents filed on May 8, 2013, and September 23, 2013, Garcia makes numerous arguments why his conviction should be reversed, including the following: 1) Garcia was arrested without a warrant; 2) he was interrogated by police even after he asserted his right to counsel; 3) the victims are not credible because they spoke among themselves before they came forward, admitted to him they made up the allegations against him because they wanted their parents to get back together, and one victim admitted at Garcia's sentencing hearing

that Garcia did not do anything; and 4) his defense counsel provided ineffective representation by his failure to investigate his case, his failure to provide him complete information on a plea offer, and by pressuring him into entering a plea agreement. These issues, however, are not cognizable on appeal for the reasons discussed below.

> "Section 1237.5 provides in relevant part: 'No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere ... except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk.' Notwithstanding the broad language of section 1237.5, it is settled that two types of issues may be raised in a guilty or nolo contendere plea appeal without issuance of a certificate: (1) search and seizure issues for which an appeal is provided under section 1538.5, subdivision (m); and (2) issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed. [Citations.]" (*People v. Panizzon* (1996) 13 Cal.4th 68, 74-75.)

Garcia did not obtain a certificate of probable cause from the trial court. Further, since the issues he raises do not fall under the two exceptions noted above that do not require a certificate of probable cause, the issues Garcia raises are not cognizable on appeal.

> "'[Moreover, ] [a] broad or general waiver of appeal rights ordinarily includes error occurring before *but not after* the waiver because the defendant could not knowingly and intelligently waive the right to appeal any unforeseen or unknown future error.' [Citation.] 'Thus, a waiver of appeal rights does not apply to "'possible future error' [that] is outside the defendant's contemplation and knowledge at the time the waiver is made.'" [Citation.] '[A] general waiver of the right to appeal, given as part of a negotiated plea agreement, will not be construed to bar the appeal of sentencing errors [unresolved by the particular plea agreement] occurring subsequent to the plea, ...' [Citation.]" (*People v. Orozco* (2010) 180 Cal.App.4th 1279, 1284.)

As part of his plea bargain, Garcia waived his appellate rights. Further, none of the issues he raises involve alleged sentencing errors. Thus, these issues are not

4.

cognizable on appeal for the additional reason that they are barred by Garcia's waiver of his right to appeal. Parenthetically we also note that most of the issues Garcia raises are also not cognizable on appeal for the additional reason that they rely on facts outside the record. (*People v. Neilson* (2007) 154 Cal.App.4th 1529, 1534 ["An appellate court's review is limited to consideration of the matters contained in the appellate record"].)

Following an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.