Filed 7/1/14  P. v. Obra CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C072979 |
| v. | (Super. Ct. No. CRF123847) |
| ROBERT SHERMAN OBRA, | |
| Defendant and Appellant. | |

Defendant Robert Sherman Obra entered a no contest plea to infliction of corporal injury on a cohabitant or former cohabitant (Pen. Code, § 273.5, subd. (a))[1] and admitted a prior strike (§ 667, subds. (b)-(i)) and two prior prison term allegations (§ 667.5, subd. (b)) in exchange for a stipulated 10-year state prison sentence and the dismissal of the remaining counts and allegations.

After denying defendant's motion to withdraw his plea/substitute counsel, the trial court imposed the agreed-upon sentence.  Defendant appeals, challenging the court's

---

[1]     Undesignated section references are to the Penal Code.

denial of his motion.[2] We conclude defendant knowingly, intelligently, and voluntarily entered his plea. As defendant did not request substitute counsel, the trial court's duty under *Marsden*[3] was not triggered. We affirm the judgment.

## FACTS

On September 25, 2012, the victim and defendant had a conversation outside his home during which defendant became very angry. He then physically assaulted the victim by punching her in the left ear and chest, head-butted her nose, grabbed at her neck, pulling off her necklaces, and then tried to drag her into the garage, saying he was going to kill her. The victim provided photos of her injuries to the police. One photo showed a bleeding nose and blood on her shirt. Law enforcement officers found defendant at the address provided by the victim. A search of defendant's car revealed 17.92 grams of marijuana, about half of which was packaged into separate baggies.

## DISCUSSION

Defendant contends the trial court abused its discretion in denying his motion (which he labels a *Marsden* motion) after he demonstrated he entered his plea without knowing the contents of the victim's new statement given to the prosecutor. We reject defendant's contention.

### *Background*

At sentencing on January 10, 2013, the trial court conducted a hearing on what it labeled a "modified hybrid *Marsden* motion" (defendant's motion to withdraw his plea based on ineffective assistance of counsel). During the hearing, defendant provided no

---

[2] "[A] defendant who has filed a motion to withdraw a guilty plea that has been denied by the trial court still must secure a certificate of probable cause in order to challenge on appeal the validity of the guilty plea. [Citations.]" (*In re Chavez* (2003) 30 Cal.4th 643, 651.) Here, defendant obtained a certificate of probable cause (§ 1237.5).

[3] *People v. Marsden* (1970) 2 Cal.3d 118.

reason to substitute counsel.  Defendant admitted counsel provided "good advice based upon what [defendant] knew" at the time of his plea.  Defendant sought to withdraw his plea, complaining he entered his plea without knowing the contents of a new victim statement given to the prosecutor before defendant entered his plea and that defense counsel did not share with defendant because defense counsel stated he did not receive the new statement until after defendant entered his plea.  In the victim's new statement, she claimed she instigated the confrontation and disputed some of the statements attributed to her in the police report, and defendant may not have head butted her on purpose.   Defense counsel knew from his own investigation prior to defendant entering his plea that the victim was recanting.  The day before he entered his plea, defendant admitted the victim told him not to take the plea deal because, apparently, she was going to recant but, defendant complained, she did not "show up."  Defendant conceded he had always taken a plea deal and was afraid of the charges if he "pull[ed] [his] plea."  After an in-camera hearing, the trial court determined defendant knowingly, intelligently, and voluntarily entered his plea.

*Analysis*

Initially, we consider the People's response that defendant cannot raise this non-sentencing issue because he waived all issues other than sentencing errors when he signed the written plea form.  Anticipating this response, defendant argues his waiver, and decision to enter the plea bargain, was a product of counsel's ineffectiveness.  Citing *People v. Orozco* (2010) 180 Cal.App.4th 1279 (*Orozco*), he asserts a waiver of appellate rights cannot bar a challenge to the effectiveness of counsel relating to advice received concerning the plea agreement containing the waiver.  We agree with defendant.

On the written plea form, defendant initialed the statement, "I waive all right to appeal on both the judgment of the Court and any decisions on motions which precede this plea or judgment.  Appeal is not waived as to sentencing errors."

3

" 'When a guilty [or nolo contendere] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement.' [Citations.] Of course, before taking the plea, the trial court must admonish defendant of the constitutional rights that are being waived, as well as the direct consequences of the plea. [Citation.] Just as a defendant may affirmatively waive constitutional rights to a jury trial, to confront and cross-examine witnesses, to the privilege against self-incrimination, and to counsel as a consequence of a negotiated plea agreement, so also may a defendant waive the right to appeal as part of the agreement." (*People v. Panizzon* (1996) 13 Cal.4th 68, 80.) "To be enforceable, a defendant's waiver of the right to appeal must be knowing, intelligent, and voluntary. [Citations.] Waivers may be manifested either orally or in writing. [Citation.] The voluntariness of a waiver is a question of law which appellate courts review de novo." (*Ibid.*)

Defendant claimed his plea, which included his waiver of his right to appeal, was not knowing, voluntary, and intelligent based on ineffective assistance of counsel. Whether the trial court should have granted defendant's motion to withdraw his plea depends on whether defendant's plea, and thus waiver, was knowing, voluntary, and intelligent. (*Orozco, supra,* 180 Cal.App.4th at pp. 1281-1282, 1285.) We thus reach the merits of his ineffective assistance and *Marsden* claims.

"On application of the defendant at any time before judgment . . . , the court may, . . . for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." (§ 1018.) "Mistake, ignorance or any other factor overcoming the exercise of free judgment is good cause for withdrawal of a guilty plea. [Citations.] But good cause must be shown by clear and convincing evidence." (*People v. Cruz* (1974) 12 Cal.3d 562, 566.)

Here, the trial court considered whether defendant should be permitted to withdraw his plea at the "hybrid *Marsden*" hearing. Defendant claimed that after he

entered his plea, he received the victim's new statement given to the prosecutor before defendant entered his plea. Had he received the new statement before he entered his plea, he thought he would have been able to beat some of the charges at trial. Defendant claimed that although there was an "incident," he did not "inflict the [victim's] bloody nose . . . with malice."

Defendant failed to establish, by clear and convincing evidence, good cause for withdrawal of his plea. Defendant was charged with false imprisonment with force and violence and possession of marijuana for sale, in addition to the infliction of corporal injury offense. Another prior strike and prior prison term were alleged in addition to those admitted. He pled no contest to infliction of corporal injury on a cohabitant or former cohabitant and admitted a prior strike and two prior prison terms in exchange for being sentenced to serve 10 years in prison and dismissal of the remaining charges. At the entry of plea hearing, defense counsel acknowledged there was evidence defendant used force on the victim resulting in a traumatic condition. Through his investigation prior to defendant's plea, defense counsel knew the victim planned to recant. And defendant admitted at the motion to withdraw his plea that he knew before he entered his plea the victim had planned to change her story but she did not "show up." We conclude the trial court did not abuse its discretion in denying defendant's motion to withdraw his plea. The victim's statement, received after the plea, added nothing to the decisionmaking calculus of defendant or his attorney.

As to the purported *Marsden* claim, defendant did not request substitution of counsel and did not present any grounds for substitution. Defendant complained he did not have the victim's new statement prior to entering his plea and defense counsel explained he did not have the new statement until after defendant entered his plea. Defendant did not then request new counsel. Having not requested new counsel, the trial court's duty under *Marsden* was not triggered. (*People v. Martinez* (2009) 47 Cal.4th 399, 418.)

5

DISPOSITION

The judgment is affirmed.


          HOCH    , J.


We concur:


        RAYE    , P. J.


  NICHOLSON  , J.