Filed 12/18/15  P. v. Montalvo CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C077771 |
| Plaintiff and Respondent, | (Super. Ct. No. CR-F-13-466) |
| v. | |
| RICHARD JUNIOR MONTALVO, | |
| Defendant and Appellant. | |

Defendant Richard Junior Montalvo pled no contest to two counts of continuous sexual abuse of a child.  (Pen. Code, § 288.5, subd. (a); counts 1 and 2.)[1]  On appeal, he raises three contentions:  the trial court erred in denying his counsel's request for a trial continuance (§ 1050, subd. (b)); the trial court erred in denying his motion to withdraw his plea due to mistake and ignorance; and the plea was the result of ineffective assistance of counsel.  We disagree and affirm.

---

[1] Undesignated statutory references are to the Penal Code.

1

## PROCEDURAL AND FACTUAL BACKGROUND

Defendant molested the two victims (his stepdaughters) starting when they were in the third and fourth grade, and ending when the youngest victim was 13. He was charged with two counts of section 288.5, subdivision (a) with a further "one strike" allegation under section 667.61, subdivision (e)(4).

*Defendant's Motion to Continue*

Defense counsel substituted into defendant's case as his retained representative in August 2013. In December, trial was set for early May 2014. In March, the trial was continued on a defense motion to late June 2014. Four days before trial, defense counsel filed a written motion to continue his trial; the court heard the argument the day before trial. Defense counsel offered several grounds for the continuance. He wanted to have the victims reinterviewed because he suspected they had recanted or had been influenced by other family members. He explained that the victims had been visiting their older sister in San Diego for two weeks, and a conflict had arisen between the mother and the older sister.

He further explained that he had had limited time to meet with defendant (who was out on bail) because of defendant's work schedule. Counsel had been working on two other criminal cases and had spent the past Wednesday at a funeral. Moreover, defendant had not yet paid him for the trial.

Counsel also made two passing references to being unprepared. In his motion, he wrote: "Good cause exists in that *I am not prepared to proceed to trial* because . . . questions have arisen regarding the truthfulness and veracity of statements made by the complaining witnesses . . . ." (Italics added.) At the hearing, after mentioning the funeral, counsel said: "And in addition to -- besides everything else, *and not being prepared*, [defendant's] family retained me to represent him." (Italics added.)

The prosecution opposed the continuance, noting the trial date had been set over three months ago. Defense counsel did not need to reinterview the victims as they would

2

be subject to cross-examination at trial. Further, the prosecution had recently reinterviewed the witnesses (based on defense counsel's concerns) and represented they had not recanted. As to defendant's work schedule, the People noted defendant was currently unemployed, and his schedule had not stopped him from appearing at court dates or spending substantial time with his biological daughter.

At the hearing, the court asked defense counsel if he was currently in trial in Sacramento. Counsel said he was not, explaining that a potentially conflicting case had ended with a plea. Shortly after defense counsel mentioned that he had not been paid, the court denied the motion:

> "THE COURT: You know, we're -- anything further here? You guys are all -- sort all over the board. And when I ask an attorney if you're going to be setting a trial date in Superior Court, that's it. You're in. It's the day before trial.
>
> "[DEFENSE COUNSEL]: I didn't know until the day before trial for sure.
>
> "THE COURT: Well, the motion to continue is denied."
>
> The court later added: "[G]ood cause has not been stated."

After its ruling, the court noted that defense counsel had not filed a witness list. Counsel responded: "That's right. Unless something develops during the trial and during testimony, it will be just [defendant]." But later in the hearing--with defendant present-- counsel said: "There may be some character witnesses. I haven't decided that yet. Depends on how the testimony goes."

*The Plea*

At trial, the first witness, the victims' biological mother and defendant's wife, testified to discovering defendant in bed with his 13-year-old stepdaughter. The mother saw the two moving under the covers, with the stepdaughter on top of defendant, facing him; defendant was wearing only boxers. Defendant told the mother he was rubbing the child's back.

3

During a break in the mother's testimony, defendant agreed to a plea bargain. He would "receive at least 12 years and no more than 24 years," and he would be sentenced "pursuant to PC 667.6(d) because the offenses involve separate victims." In exchange, the one-strike enhancement was struck. The court found the plea knowing and intelligent.

*Defendant's Motion to Withdraw*

Three months later, defendant, through new counsel, moved to withdraw his plea as the result of mistake or ignorance, arguing his former counsel misled him into believing he did not have a meritorious defense. At the hearing, defendant's former counsel testified that he had been prepared for trial when he moved for the continuance. He had asked for the continuance at the request of defendant and the mother, who were hoping defendant could go back to work to pay some bills.

Counsel also testified that he had sought a plea offer during the mother's testimony. The defense's case was based on the hope that the mother and victims would recant, change stories, or refuse to testify. However, the mother ended up testifying persuasively to what she had said all along, which was that she had discovered defendant in bed with her 13-year-old daughter. On the day of the plea, the victims were in court, ready to testify, and a reinterview had shown that they had not changed their story.

Former counsel added that the day before the plea, he obtained mental health records from the youngest victim. Although he had hoped the records would show the victim had been forced to lie, the records instead reflected that she had been molested. Further, a week before trial, defendant learned that his oldest stepdaughter would testify that defendant groped her while she was going to sleep.

Counsel also testified that he had discussed the plea's terms with defendant, explaining that the case would be referred to the probation department for preparation of a report. In a "best-case scenario" a good probation report "would open up a slight part of the door" to the judge rejecting the plea and a "slight chance" of running the terms concurrently. Counsel did not indicate that was likely to occur.

Defendant testified at the hearing on his motion to withdraw that he pled because he believed his counsel was unprepared:

"Q. . . . So what happens that makes you finally say, 'I'm going to take this plea deal'?

"A. Just the pressure from my parents, from [defense counsel], saying that 'If we continue forward, you're going to spend the rest of your life in prison.' And after a couple of hours of this, through lunch, it started to sound not like that bad a deal. Four and a half years or go to trial with somebody who's not ready to represent me and end up with life in prison. I wasn't -- I wasn't willing to take that chance at that time.[2]

"[¶] . . . [¶]

"A. [Defendant]: . . . When the Court read to me that was 12 to 24 years, which also [defense counsel] stated to me that that's what it was, but then the low term, as I stated earlier, was six years concurrent at 85 percent and likely to be reduced to 66 percent, four and a half years, seemed like a much better deal than spending the rest of your life in prison. So I signed it."

He added that his counsel's failure to file a witness list led him to believe his counsel was unprepared: "We were unprepared. The Defense didn't do their due diligence in my opinion as far as my attorney was concerned. No witness list was my

---

[2] Defense counsel opined that laws could change, allowing defendant to serve only 66 percent of his term before being parole eligible.

first indication that he wasn't ready to go to trial." Defendant, however, talked with counsel about potential character witnesses, including family and people he worked with.

Defendant also testified that his father, a former corrections officer, pressured him to accept the plea: "[H]e told me that he was deathly afraid, that he had seen more than on one occasion people who were incarcerated in a state penitentiary in Michigan for quite a long time on false allegation[s] of these types. And he was afraid that that could happen to me. . . . And he just kept saying, 'Son, I don't want you to spend the rest of your life in prison.' " Defendant added: "And knowing his background and understanding what he did for a living, I knew that he had firsthand experience with this. So it definitely scared me even more, swayed me."

Both former counsel and defendant testified that once the victims took the stand at trial, any chance of resolving the case by plea agreement would be gone.

The court denied the motion to withdraw, finding counsel's representation very competent, and noting it was "a very competent decision to settle this case." Three weeks later, the court sentenced defendant to two consecutive 12-year middle terms.

## DISCUSSION

### I

*The Trial Court's Denial of the Motion to Continue*

Defendant first contends the trial court erred in denying the continuance. He argues the court failed to consider his counsel's lack of preparation for trial. He further argues (for the first time in his reply brief) that his counsel's desire to reinterview the victims was itself good cause for a continuance. We hold the trial court acted within its discretion in denying the continuance.

6

A. *Applicable Law*

Courts, judicial officers, and counsel owe a duty to expedite criminal proceedings "to the greatest degree consistent with the ends of justice." (§ 1050, subd. (a).) Accordingly, motions to continue are disfavored and granted only on a showing of good cause. (*Ibid.*; Cal. Rules of Court, rule 4.113.)

"Whether good cause exists is a question for the trial court's discretion." (*People v. Doolin* (2009) 45 Cal.4th 390, 450.) The court considers the benefit the moving party anticipates; the likelihood that benefit will result; the burden on witnesses, jurors, and the court; and whether granting the continuance will result in substantial justice. (*Ibid.*)

We review a trial court's denial of a motion to continue for abuse of discretion. (*People v. D'Arcy* (2010) 48 Cal.4th 257, 287.) Discretion "may not be exercised so as to deprive the defendant or his attorney of a reasonable opportunity to prepare." (*People v. Sakarias* (2000) 22 Cal.4th 596, 646.) No mechanical test determines if a denial is so arbitrary as to violate due process, rather it is determined based on the case's circumstances " ' "particularly in the reasons presented to the trial judge at the time the request is denied." ' " (*People v. Hajek and Vo* (2014) 58 Cal.4th 1144, 1181.) "The party challenging a ruling on a continuance bears the burden of establishing an abuse of discretion, and an order denying a continuance is seldom successfully attacked. [Citation.]" (*People v. Beames* (2007) 40 Cal.4th 907, 920.)

B. *Analysis*

Here, the trial court properly denied the motion to continue. Counsel's desire to have the victims reinterviewed was not itself good cause.[3] Nor did that desire show he was unprepared. To the contrary, counsel's knowledge of the case and related family dynamics, shown at the hearing, suggests he was quite prepared.

Similarly, nothing indicated that defendant's unavailability rendered counsel unprepared. Indeed, it was not even clear defendant had been unavailable: the trial date had been set months in advance, and defendant had been unemployed for many of those months.

Counsel referred to two other trials he had prepared for, prior to defendant's trial. Nevertheless, when given the chance, counsel did not articulate that these commitments left him unprepared for this one. Nor did he articulate that attending the funeral or not being paid rendered him unprepared.

Finally, counsel's two passing references to being unprepared did not establish that he was unprepared. Writing, "[g]ood cause exists in that *I am not prepared to proceed to trial* because . . . questions have arisen . . . ." (italics added) merely expressed counsel's desire to pause the proceedings to reinterview the witnesses. Similarly, counsel's isolated statement, "[a]nd in addition to -- besides everything else, *and not being prepared*, [defendant's] family retained me to represent him" (italics added) added nothing to his previously expressed desire to pause the proceedings to ascertain if the victims' trip to their sister's house would affect their planned testimony. As we have

---

[3] By raising this argument for the first time in his reply brief, defendant forfeits the point. (See *People v. Baniqued* (2000) 85 Cal.App.4th 13, 29 ["a point raised for the first time [in the reply] is deemed waived and will not be considered, unless good reason is shown for failure to present it before"].) In any event, the request to reinterview was not good cause. The victims could be cross-examined at trial, the prosecution's reinterview had confirmed the victims had not recanted, and as defense counsel would later testify, "[y]ou don't know what witnesses are going to say until they're here [in trial]."

8

explained *ante*, this desire did not constitute good cause such that the trial court's denial of the request constituted an abuse of discretion.[4]

## II

### *Defendant's Motion to Withdraw his Plea*

Defendant next contends the trial court abused its discretion in denying his motion to withdraw his plea. On appeal, he argues his plea was based on: (1) a reasonable belief that his counsel was not prepared for trial (a belief largely based on his counsel's statements while moving to continue); (2) a reasonable belief that his counsel had abandoned the possibility of calling character witnesses; and (3) a reasonable, but mistaken, belief that the court could reject his plea and sentence him to six years by running his sentences on both counts concurrently. We hold the trial court properly denied the motion to withdraw.

### A. *Applicable Law*

Any time before judgment, the court may permit the defendant to withdraw a plea for good cause. (§ 1018.)[5] The defendant bears the burden of showing good cause by clear and convincing evidence. (*People v. Breslin* (2012) 205 Cal.App.4th 1409, 1415-1416.) "A plea may not be withdrawn simply because the defendant has changed his mind." (*People v. Nance* (1991) 1 Cal.App.4th 1453, 1456.)

Good cause exists if the defendant was "operating under mistake, ignorance, or any other factor overcoming the exercise of his free judgment," including inadvertence, fraud, or duress. (*People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208.) He must also

---

[4] In support of their argument, the People improperly cite to defense counsel's testimony at the motion to withdraw, including, that he "had been preparing for the trial for many months." Our review is limited to the facts available to the trial court at the time of its ruling. (See *People v. Hernandez* (1999) 71 Cal.App.4th 417, 425 ["We may assess the trial court's ruling only on the facts made known to it at the time it made that ruling"].)

[5] Section 1018 also applies to no contest pleas. (E.g., *People v. Brown* (1986) 179 Cal.App.3d 207, 213.)

show prejudice in that he would not have accepted the plea but for the mistake. (*In re Moser* (1993) 6 Cal.4th 342, 352.)

On a motion to withdraw, the trial court is the exclusive judge of credibility. (*People v. Caruso* (1959) 174 Cal.App.2d 624, 636.) It need not "accept and give credence to the affidavits submitted in support of the motion." (*Ibid.*) Nor must it " 'accept as true the sworn testimony of a witness, even in the absence of evidence contradicting it.' " (*Ibid.*)

The decision to deny a motion to withdraw is left to the trial court's sound discretion. (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.) On appeal, we must adopt the trial court's factual findings if supported by substantial evidence. (*Ibid.*) We will sustain the trial court's ruling unless the defendant demonstrates that the trial court exercised its discretion in an "arbitrary, capricious, or patently absurd manner, resulting in a manifest miscarriage of justice." (*People v. Shaw* (1998) 64 Cal.App.4th 492, 496.)

B. *Analysis*

First, the evidence presented at the hearing on the motion to withdraw established that defendant *asked* his counsel to move for the continuance. Thus, he could not have reasonably believed his counsel sought the continuance because counsel was unprepared. We similarly reject defendant's argument that he pleaded during trial based on a reasonable belief that his counsel had abandoned any possibility of calling character witnesses. Defense counsel, with defendant present, expressly stated otherwise: "There may be some character witnesses. I haven't decided that yet. Depends on how the testimony goes." Moreover, defendant and counsel had discussed potential character witnesses. Substantial evidence supports the trial court's denial of defendant's motion on both of these grounds.

Finally, by failing to raise it below, defendant forfeits his argument that his plea was not knowing and intelligent because he reasonably, but mistakenly, believed he might be sentenced to no more than six years. (See *People v. Kaurish* (1990) 52 Cal.3d

10

648, 701 [an issue not raised in trial court is waived on appeal].)  In moving to withdraw his plea, defendant never argued that his sentence, under section 667.6, must consist of two consecutive terms such that he had been misled as to the degree of the trial court's discretion when he entered his plea.  Indeed, at sentencing as well as at the hearing on the motion to withdraw, both trial counsel and the court appeared to believe that consecutive sentences for multiple victim section 288.5 convictions was discretionary under section 667.6, rather than mandatory.  Because the trial court did not have the opportunity to rule on this claim, it is forfeited.  Further, as we explain *post* when addressing defendant's claim that trial counsel was ineffective, the argument fails for lack of prejudice in any event.

III

*Defendant's Ineffective Assistance of Counsel Claim*

Defendant lastly contends that his plea resulted from ineffective assistance of counsel.  He reasons that his counsel's performance fell below an objective standard of reasonableness, in failing to prepare for trial, in failing to timely disclose witnesses, and in misadvising him that the court could reject the plea agreement and impose two concurrent six-year terms for each section 288.5 count.  He argues that but for counsel's errors, there is a reasonable probability that he would have insisted on trial.  This contention also fails.

A.  *Applicable Law*

To challenge a plea based on ineffective assistance claim, a defendant must prove two elements:  (1) " 'counsel's representation fell below an objective standard of reasonableness' " under prevailing professional norms, and (2) "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  (*Hill v. Lockhart* (1985) 474 U.S. 52, 57, 59 [88 L.Ed.2d 203, 209-210]; *In re Alvernaz* (1992) 2 Cal.4th 924, 936-937.)

11

A defendant's self-serving statement that he would have insisted on going to trial but for counsel's errors is not in and of itself sufficient to establish prejudice. (See *In re Alvernaz, supra*, 2 Cal.4th at p. 945.) Rather, an assertion of prejudice "must be corroborated independently by objective evidence." (*Id.* at p. 938.) " 'In determining whether a defendant, with effective assistance, would have accepted [or rejected a plea] offer, pertinent factors to be considered include: whether counsel actually and accurately communicated the offer to the defendant; the advice, if any, given by counsel; the disparity between the terms of the proposed plea bargain and the probable consequences of proceeding to trial, as viewed at the time of the offer; and whether the defendant indicated he or she was amenable to negotiating a plea bargain.' [Citation.]" (*In re Resendiz* (2001) 25 Cal.4th 230, 253.)

Prejudice has been found where misadvice substantially affects the nature of the plea. (See *People v. Johnson* (1995) 36 Cal.App.4th 1351, 1355 [plea invalid where defendant agreed to a 20-year sentence believing his maximum exposure was 38 years, rather than 27 years]; *People v. McCary* (1985) 166 Cal.App.3d 1, 8 [plea invalid where counsel failed to advise defendant that an enhancement, dismissed under the plea, could not be applied to defendant].) But even with substantial misadvice, it must be reasonably probable that the defendant would have rejected (or accepted) the plea. (See *In re Alvernaz, supra*, 2 Cal.4th at p. 945 [no prejudice shown for substantial misadvice regarding defendant's maximum exposure where decision to reject plea was motivated by a persistent and informed hope for exoneration at trial]; *People v. Miralrio* (2008) 167 Cal.App.4th 448, 460 [no prejudice shown where defendant rejected plea after counsel misadvised him that his maximum exposure was 68 years, instead of 120]; *Hill v. Lockhart, supra*, 474 U.S. at p. 60 [88 L.Ed.2d at p. 211] [no prejudice shown where defendant was told he would be parole eligible after serving one- third of his term, rather than half; a mistake that would affect plea and conviction equally].)

B.  *Analysis*

First, we are not persuaded that defense counsel was unprepared or provided ineffective assistance by failing to timely file a witness list.  As we have explained, the record reflects that counsel was prepared, and the failure to timely file a witness list did not fall below an objective standard of reasonableness.[6]  (See *People v. Jones* (2010) 186 Cal.App.4th 216, 235 [the " 'defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy" ' "].)  Thus, neither assertion satisfies the first prong of ineffective assistance of counsel.

Defendant's third contention, that he was misadvised regarding the possibility of the court running the sentences concurrently, fails for lack of prejudice.[7]  (*People v. Mesa* (2006) 144 Cal.App.4th 1000, 1008 [" ' "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed" ' "].)  Defendant cannot establish that but for the error he would have insisted on going to trial.

Defendant's statements that he would have insisted on going to trial are self-serving and not themselves sufficient to establish prejudice.  (See *In re Alvernaz, supra*, 2 Cal.4th at p. 945.)  Moreover, defendant's statements are at best ambiguous as to whether the slight chance of concurrent terms primarily motivated his plea:

---

[6] Counsel testified that defense attorneys commonly disclose witnesses at the last possible moment.

[7] Though defendant has forfeited his misadvisement claim for purposes of challenging the court's finding that his plea was not based on mistake or ignorance, he may raise this claim for purposes of arguing ineffective assistance of counsel.  (See *People v. Orozco* (2010) 180 Cal.App.4th 1279, 1285 ["a criminal defendant could not waive the right to bring a claim for ineffective assistance of counsel in which he alleges ineffectiveness at the time he was entering the plea or ineffectiveness related to advice he received regarding the waiver"].)

"Q. . . . So what happens that makes you finally say, 'I'm going to take this plea deal'?

"A. Just the pressure from my parents, from [defense counsel], saying that 'If we continue forward, you're going to spend the rest of your life in prison.' And after a couple of hours of this, through lunch, it started to sound not like that bad a deal. Four and a half years or go to trial with somebody who's not ready to represent me and end up with life in prison. I wasn't -- I wasn't willing to take that chance at that time."

And independent, objective evidence in the record does not corroborate defendant's assertion on appeal that the misadvice motivated his plea. Counsel accurately communicated the sentence range under the plea and defendant's maximum exposure if convicted. (Cf. *In re Alvernaz, supra*, 2 Cal.4th at p. 945 ["The substantial disparity between the term of prison confinement actually faced by petitioner and the term allegedly represented to him by his counsel, constitutes *some* corroborating evidence"].) Defendant signed a written plea agreement acknowledging that his sentence would fall between 12 and 24 years and indicating that he had not received any "promises [to him] about what sentence the court may order." The judge also informed defendant of the 12-year minimum sentence at the time the court took the plea.

Immediately prior to his plea, defendant's hope of prevailing at trial unraveled. The mother testified compellingly, the victims were present in court ready to testify, the mental health records corroborated the victims' claims, and the oldest daughter was prepared to provide propensity evidence. Against that backdrop, it is not reasonably probable that counsel's misadvice regarding a "best case scenario" of concurrent terms primarily motivated the plea. Rather, the record reflects that defendant took the plea to avoid a probable conviction and life sentence. (See *In re Resendiz, supra*, 25 Cal.4th at p. 254 [finding no prejudice from a claim of misadvisement after considering the probable trial outcome].)

The trial court did not err in denying the motion to withdraw the plea.

14

## DISPOSITION

The judgment is affirmed.

/s/
Duarte, J.

We concur:

/s/
Butz, Acting P. J.

/s/
Hoch, J.